Henderson, Judge,
 

 delivered the opinion c? the Court:
 

 A Court of Equity will restrain a person in the
 
 capricious
 
 exercise of ills rights; for benevolence becomes a
 
 duty
 
 enforced by Courts of Justice, when its exercise is in no wise prejudicial to the party, and a want of it is injurious to another. Thus, when a person may get satisfaction out of either of two funds, and another can get satisfaction only out of one of them, and they are both equally convenient and accessible to him who may get satisfaction out of either, and nothing but
 
 mere caprice
 
 governs him in making the selection, there Equity will restrain him to the fund not onerated by the claims of the other ; but if
 
 convenience,
 
 and not
 
 caprice,
 
 is his motive, the most that Equity does is to
 
 substitute
 
 the disappointed claimant to his rights. The first is rarely done; for it is matter of extreme delicacy to'restrain a person in the exercise of a legitimate right, in favour of one who has no cliutn upon him by contract, and whose only connection with him arises from being interested in the same common fund; yet whore there is a fraud, moral or Segal, or snore
 
 caprice,
 
 he will he restrained. The hitter, to wit, substitution, is very frequently done, and is the foundation of marshalling assets in favour of legaieos and simple contract creditors, and a | plies incases where there is neither fraud nor
 
 caprice^
 
 it is scfíick at. that his fund has been exhausted by one who had a double means of satisfaction. The Defendants call upon us, in this case, to restrain the
 
 *643
 
 omplniuants from interfering with Keck and her issu**, R'ü! v that i.'icv muy be turned over
 
 V:
 
 the other *
 
 *
 
 *» «• ^ slaves anti their issue, which bedouged !o William hones, Hie elder, so far as the right;; of his vendors extended in ¡¡aid residue, they having sold one of the common slock or fund to him in severalty. A r! were it money, or a n•■!!•>. of .diecj), or any thing of she KLe kind, where value alone is to fco regarded, and one, fund is as accessible to the C:k:>c-,,,;í;¡v.m;-í as the other, so shut the Court could porrehe that «¡ere
 
 caprice, cy fraud
 
 induce<l the Couipi.'úm'itü) to pursue ii.e part in DriemSants pos»es-sio:s. Use Coart might exercise the very delicate power before mentioned5 but towards ¡iropet ty of this kind it is far d’iibivut. It is well knowts, as to slaves, we have oi:r partialities and antip aides, regardless of their real rcí.'*;\ and which may arise fro in feelings very ai.Veven:: JVt.ai íñoi» that di base the human heart 5 and si person who is;,;! right is: comino» with another to a pare**! of shuc-g misfit be actuated by other motives than mere
 
 ar.iric;: urfeaiul,
 
 vi:» reiased to validate a sale ststde in severally by his conartner of sewe favourite claves. lit; furCht well say í» the {Mcchaner, Siock yourself is* íiio title of your vendor to the icffiviairg skr.es for coaapoa-íj.!lú;¡5 : it is íuiíUiñeai that yon MumM stand in Sik place., e.nd he suits!listed to Ids right:-;.
 

 I”:»;. Mine is analiier, msd perhaps stronger objection to the rc-íjiícst of the Defciidant. This canse came on to be heard snore than twenty years ago, and as to this question, present ed tho same aspect then that it does at present With- a full view of the case, the Court, after diMui'-'siug’ the hill as to ISollieoiFe.r, directed the remain-iug slaves to be divided among the representatives of Gillian» Jones, induding t/lolíkoííer’s vendors, that is, as if the negro Kook had never been. This double fund was therefore lost without any default of the Complainants, and by a decree of a Ccnrtat that time of Supreme jurisdiction, and it cannot he presumed, that the Com
 
 *644
 
 plainants fraudulently and voluntarily abandoned tbaf; fund a« a means of satisfaction, with an intent caprice ously to pursue by a bill of review the negroes in Zoili-C0ff01.*s possession ¿ and therefore, ibis double fund, which they once might have had for their satisfaction, lias been lost, and that not by their default or consent, which cuts up the very grounds of the Defendants application. The, exception must be..overruled.
 

 As to the advice asked by the master, upon the accumulated rights of Zollicoffer’s vendors on the death of some of the children of William Jones without issue, 1 conceive that such accumulation enures to the benefit of Zollicoifcr, whether ouch children died before or since the sale to
 
 him;
 
 for certainly they can claim nothing in Beck, or her issue, either by their then title or one subsequently acquired, they having sold her to Zollicoifcr in severalty.