"On 12 April, 1870, the defendant, Mark P. Jones, executed a mortgage to the defendants, Peter R. Davis and C. T. Sims, conveying to them a tract of land therein described, to secure two bonds in favor of the defendant, L. G. Ward, guardian, and against said Mark P. Jones, as principal, and said Peter R. Davis and C. T. Sims, as sureties; one in the sum of $1,777.69, with interest from the 19th January, 1870; *Page 111 
and the other for $2,222.31, with interest from the 1st May, 1870. * * * No payment has been made upon either of said bonds, except a payment of $48, made upon the first-mentioned bond, on 19 April, 1871. The said mortgage was duly registered on the day of its date, and creates a lien on said land that day. On the 3d June, 1871, and after the judgments were docketed in Warren County, on which the executions hereinafter mentioned were issued, a homestead was laid off to the said Mark P. Jones, in a portion of said land, the boundaries whereof are set forth in a paper filed with his answer," etc.
"On 7 October, 1871, the sheriff of Warren having certain executions in his hands against the said Mark P. Jones and others, which are set forth in the complaint, and having previously levied the same on the equity of redemption of the said Mark P. Jones, in all of said land except the homestead, sold the said equity of redemption at auction, after due advertisement, when the plaintiff became the purchaser, and took a deed therefor, which has been duly registered.
"The said Mark P. Jones is insolvent, and the land conveyed in said mortgage is of value, more than sufficient to pay the (154) debts therein secured.
"The plaintiff, before the commencement of this suit, tendered to the said L. G. Ward the amount due on the said bonds, and requested him to assign the same to him; and he refused to receive the money or to make the assignment.
"The plaintiff insists that he is entitled to have the bonds secured in the mortgage satisfied by a sale of that part of the mortgaged premises in which the said Mark P. Jones still holds the equity of redemption, in exoneration of the land, the equity of redemption in which has been purchased by the plaintiff.
"The defendant, Mark P. Jones, insists that inasmuch as the land in which he holds the equity of redemption, has been laid off to him as a homestead, the same ought not to be made primarily liable for the mortgage debts, and ought not in any event to be sold for the payment thereof, unless the balance of the mortgaged premises shall have been first sold, and the proceeds of the sale shall have been insufficient for the payment of said debts, and that the decree asked for in the complaint, so far as his homestead is concerned, would be a violation of his constitutional and legal rights.
"If the Court should be of opinion for the plaintiff, then a decree is to be entered accordingly; otherwise, a decree is to be entered in favor of the defendants.
"No objection is made to a sale of any of said land, except the homestead."
His Honor adjudged, "that the debts mentioned in the mortgage ought to be paid out of the proceeds of the sale of the lands, in which the *Page 112 
plaintiff purchased the equity of redemption; and that the land laid off as a homestead to the defendant, Mark P. Jones, ought not to be sold, unless the proceeds of the sale of the first mentioned lands shall be insufficient to pay the said debts.
(155) It is therefore ordered, etc. From this judgment the plaintiff appealed.
The question presented by the case is this: Has a mortgagor in possession a right to a homestead, as against all other creditors, save the creditors secured by the mortgage?
We concur in the opinion of his Honor, that the homestead is exempt from sale under execution, and that the mortgagor, although he holds subject to the mortgage debt, holds his homestead paramount to the other creditors.
A mortgage is a mere incumbrance upon a man's land, given as a security for the debts therein set out; and if he can discharge the incumbrance by the sale of the land outside of his homestead, or in any other way, creditors who are not secured by the mortgage, have no ground upon which to deprive him of the homestead secured by the Constitution.
We are of opinion that a debtor is entitled to a homestead in an "equity of redemption," subject to the mortgage debts, just as a purchaser in possession is entitled to a homestead, subject to the payment of the purchase-money.
No Error.
PER CURIAM. Judgment affirmed.
Cited: Gaster v. Hardie, 75 N.C. 463; Burton v. Spiers, 87 N.C. 92;Butler v. Stainback, Ib., 219; Albright v. Albright, 88 N.C. 241; Hinsonv. Adrian, 92 N.C. 125; McCanless v. Flinchum, 98 N.C. 374; Long v.Walker, 105 N.C. 114.
(156)