A. H. Fisher, Defendant in Error, v. Max Tauber, Plaintiff in Error.

## Gen. No. 16,545.

1. MUNICIPAL COURT—*form of action.* In an action of the fourth class in the Municipal Court of Chicago, the form of action is such as the evidence makes it.

2. CONTRACTS—*rights of parties when contract of exchange is rescinded.* If a contract of exchange is rescinded the law implies a promise by defendant to return the goods received from plaintiff on receipt of the goods traded to him, and if the value of the goods traded to defendant was agreed on and defendant refuses to return them, it seems that plaintiff may recover the agreed value therof.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 18, 1912.

STAHL & LEWALD, for plaintiff in error; ALEXANDER J. STROM, of counsel.

ROBERT D. MELICH, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff Fisher traded with defendant Tauber a gray horse for a black and paid Tauber $175 boot. Becoming dissatisfied with the black horse plaintiff returned the horse to defendant, who accepted him and delivered to plaintiff another black horse. The contention of the plaintiff was that the parties agreed that the value of the gray horse was $40 and that of the first mentioned black horse $175; that when he delivered the gray horse he and defendant agreed that the trade be rescinded and that the second black horse was delivered to him by defendant for his temporary use, to give defendant time to see if he could find a horse to suit plaintiff.

Plaintiff also took the second black horse back to defendant and demanded that he return to him the

gray horse and the $175 boot money. Defendant refused to accept the second black horse or to return the gray horse or the boot money, and plaintiff brought this action against the defendant and had judgment for $215, to reverse which defendant prosecutes this writ of error.

The action was one of the fourth class in the Municipal Court, in which no written pleadings are required, and the rule that controls the forms of action before a justice of the peace, that the form of action is such as the evidence makes it, will control as to the form of action. Edgerton v. Chicago, R. I & P. R. Co., 240 Ill. 311.

In order to recover the boot money and the value of the horse he traded to defendant, the plaintiff was bound to prove that the contract of exchange was rescinded and the value of the horses traded by plaintiff to defendant fixed by the agreement of the parties.

The contention of the defendant was that no agreement to rescind the contract was ever made; that when the first black horse was returned the parties agreed that the plaintiff should accept, and that he did accept, said second black horse in the place of the first; that in that respect the original contract was modified, and as so modified remained in force.

If the contract of exchange was rescinded, the law implied a promise on the part of the defendant that on the receipt of the horse he had traded to plaintiff, he would return to plaintiff the horse and money he had received from him, and if the parties agreed on the value of the horse defendant received from plaintiff and the defendant on demand refused to return the horse to plaintiff, we think plaintiff might also recover the agreed value of such horse. There is no evidence tending to show such acts or conduct on the part of the defendant as authorized the plaintiff to rescind the contract of exchange without the consent of the defendant, and the decision therefore turns on

the question whether from the evidence the court might properly find that the contract of exchange was rescinded by the agreement of the parties. The testimony was conflicting, and we think that the finding in favor of the contention of the plaintiff must be held conclusive.

The judgment is affirmed.

*Affirmed.*