J. R. HARRINGTON v. G. M. FURR.

(Filed 29 November, 1916.)

**1. Mortgages—Registration—Notice—Right of Possession.**

A purchaser of a chattel upon which there is a prior registered mortgage is a purchaser with notice thereof, and the assignee of the mortgage has the right of possession as against him.

**2. Equity—Marshaling—Mortgages — Contracts — Consideration—Claim and Delivery.**

D. held an unrecorded chattel mortgage, subject to a prior registered one which included the same property and, in addition, a horse. Defendant subsequently purchased the horse and swapped ·it with the plaintiff for a mare. D. acquired the first mortgage, and sold the property, inclusive of the horse, under the mortgages. Recognizing the doctrine of marshaling of assets, had the horse remained in the mortgagor's possession it is held that defendant should have invoked it prior to the sale, when he was present and made no objection, and may not do so for the first time in plaintiff's action of claim and delivery to recover his mare for ·a failure of consideration in the transaction, and the plaintiff is entitled to the possession thereof.

**3. Equity—Marshaling—Right of Party.**

The equity of marshaling is not a lien but a right to be administered, and is not determined solely by the time the successive securities were taken, but at the time it is invoked.

APPEAL by defendant from *Carter, J.,* at August Term, 1916, of CABARRUS.

*L. T. Hartsell. for plaintiff. ·*
*H. S. Williams for defendant.*

CLARK, C. J. This is a claim and delivery to recover possession of a certain black mare for entire failure of consideration, the defendant having traded the plaintiff a claybank horse which was mortgaged and which the plaintiff had to surrender, in exchange for the black mare.

On 31 October, 1914, J. W. Dees gave M. F. Teeter and R. A. Dees a chattel mortgage for $100 on certain personal property which was recorded 12 October, 1915.   On 18 March, 1915, J. W. Dees gave M. J. Corl a chattel mortgage of $55, which was recorded 19 March, 1915, on certain of the personal property embraced in the first named mortgage, and, in addition, a claybank horse.   The mortgagor in July, 1915, after the mortgage to Corl containing the claybank horse was recorded, traded said horse to the defendant Furr and said Furr then traded the horse without actual knowledge of the recorded mortgage to the plaintiff for the black mare in dispute, and before the mortgage to Teeter was recorded.   J. W. Dees, the mortgagor, then left the State. M. F. Teeter and F. A. Dees, discovering that the Corl mortgage was recorded prior to theirs, bought in the Corl mortgage and demanded of the plaintiff the claybank horse, who turned it over to them without suit.   Teeter and R. A. Dees advertised all the property in both mortgages and sold the same, which did not realize enough to pay the total indebtedness therein.   The defendant Furr was present at the sale and made no objection to the sale of the claybank horse.

The plaintiff having turned over the claybank horse to Teeter and Dees under the mortgage they had purchased from Corl, at once began this action, 19 October, 1915, to recover from the defendant the black mare which the plaintiff had swapped to him for the claybank horse, on the ground of total failure of consideration.

The sole question presented is whether Teeter and Dees had a right to marshal the securities in the two mortgages so as to apply the claybank horse first to the payment of the Corl mortgage and to retain the other property in said mortgage, which is also embraced in the Teeter mortgage, to apply to the latter.   If so, there was a total failure of consideration, and the plaintiff can maintain this action to recover his black mare.

It is well settled that if one party has a lien on two pieces of property, and the other has a lien on one piece only, the latter has the right in equity to compel the former to resort to the other piece of property in the first instance if this is necessary to satisfy the claims of both parties.   There is no difficulty in applying this principle when the property is in the possession of the mortgagor.   The question here is, Did the plaintiff get a title to the claybank horse superior to the mortgagee when the mortgage was on record at the time the mortgagor traded the claybank horse to the defendant Furr, and Furr traded it to the plaintiff?   If Harrington had bought without notice he would have had a superior title to the horse over the mortgagee.   But he bought when the mortgage was on record at the time he exchanged

horses with Furr; consequently the assignees of the mortgage had a right to take the horse whenever they found him.

Teeter and Dees got possession of the claybank horse as assignee of the Corl mortgage. Their right to sell the horse was not restricted because they were the owners of both mortgages. Equity is not a lien, but a right to be administered. The defendant contends that the Teeter and Dees mortgage was not on record when the mortgagor traded the claybank horse; but the claybank horse was not in that mortgage. The doctrine of marshaling is not determined by the situation when the successive securities are taken, but is to be determined at the time the marshaling is invoked. If the defendant had any right to have the securities marshaled they should have begun proceedings before the sale.

The plaintiff surrendered the claybank horse at the demand of the mortgagee, and the defendant Furr standing by without speaking when the assignees of the mortgage, Teeter and Dees, sold the claybank horse, he cannot now be heard to assert that the plaintiff should have compelled the marshaling of securities so as to have exempted the claybank horse from sale till the other property in the mortgage which was doubly charged had been sold under the first mortgage.

There was an entire failure of consideration and the plaintiff had the right to recover back his black mare, and the court was correct when he instructed the jury upon all the evidence to answer the issue in favor of the plaintiff.

No error.