JEWETT AND SHERMAN COMPANY *v.* TINDALL, RECEIVER.

[No. 11,105.  Filed March 9, 1922.]

1. EXCHANGE OF PROPERTY. — *Defective Goods. — Delivery to Maker for Exchange for New Goods.—Refusal of Exchange.— Title.*—Where plaintiff purchased and paid for a car load of glassware which, when inspected upon delivery, proved to be defective, and which was at the suggestion of defendant manufatcurer returned in exchange for a new shipment, which defendant failed and refused to deliver to plaintiff, *held* that the title to the glassware so returned remained in plaintiff, and it had the right to recover such property or its value. p. 684.

2. EXCHANGE OF PROPERTY.—*Sales.—Distinction.*—An exchange is a transfer of goods for other goods, while a sale is a transfer of goods for value estimated in money. p. 686.

3.   EXCHANGE OF PROPERTY.—*Rescision.*—*Measure of Recovery.*— Where goods have been sold and delivered and title has passed to the buyer by reason of payment of the purchase price, and the parties agree that the goods be exchanged for other goods, and in pursuance to the agreement the buyer redelivers the goods received to the seller, but the latter fails to comply with the agreement, the buyer's measure of recovery, in event the goods could not be restored, is the price paid on the original sale, in the absence of evidence to the contrary.   p. 686.

4.   RECEIVERS.—*Preferred Claims.*—*Exchange of Goods.*—*Breach of Agreement.*—Where goods have been delivered and title passed to the buyer by payment of the purchase price, and the parties agree that the goods shall be exchanged for other goods, but the seller fails to abide by the agreement after the goods have been redelivered, the buyer, in event his goods cannot be restored, is entitled to a preferred claim against the estate of the seller in the hands of a receiver. p. 686.

From Hancock Circuit Court; *Jonas P. Walker,* Judge.

Action by the Jewett and Sherman Company against George T. Tindall, receiver of the Sheldon Glass Bottle Company.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Arnold C. Otto* and *Samuel J. Offutt,* for appellant.

*Charles L. Tindall* and *Charles H. Cook,* for appellee.

NICHOLS, J.—This action grows out of a claim filed by appellant with appellee to recover certain glassware shipped by it to the Sheldon Glass Company to be exchanged for certain other glassware, and to recover certain expense incident to such attempted exchange, and in the event that the glassware which appellant sought to recover could not be delivered, then to recover the value thereof.   The claim was disallowed by appellee, there was a trial by the court, and a finding and judgment for appellee from which, after motion for a new trial was overruled, this appeal.

The only error assigned is the court's action in over-

ruling appellant's motion for a new trial, under which appellant presents that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

It appears by the evidence, which is undisputed, so far as here involved, that in August, 1919, the Sheldon Glass Company, through its agent, the A. R. Thompson Company of Chicago, sold to appellant a car load of glass jars, consisting of 1,472 cases. Before the car of glass arrived at its destination, because of the urgent need of the glass company for money, appellant paid for the glass by check. Upon receipt of the glass, appellant used fifty-five gross, or about 328 cases, but, because of certain defects, it was unsatisfactory. It notified the glass company's agent of the condition of the glass, sending a sample jar for inspection, with inquiry as to, "What have you to suggest in the matter?" Mr. Rittmiller, a member of the agent firm, went to Milwaukee, where appellant was located, and inspected the ware, after which, and upon returning to Chicago, he called the president of the glass company and informed him of the condition of the ware, whereupon the president told the agent that the company had at that time another car of glass ready for shipment which it would load at once and ship to appellant, and instructed the agent to get in touch with appellant and have it reload the car then in Milwaukee and return it to the glass company, and that it would make an exchange of cars, giving good glass for the defective glass. Thereupon, the agent wrote appellant requesting it to ship the car of glass back to the factory, stating that they had another car coming through and that they would make shipment in a week or ten days. Mr. Rittmiller testified that the president informed him that the company had a car ready in cases, and that it would ship as soon as a car could be loaded and that it expected to ship it

the next day.  Appellant, acting on the agent's instruction, reloaded the glass, except that part which it had sold, as aforesaid, and reshipped it to the glass company, but the company never shipped the car to appellant as promised.  There was much urgent correspondence growing out of the glass company's failure to ship as agreed, and in the meantime a receiver for the glass company was appointed, who was eventually succeeded by appellee.

Appellee contends that the facts show that appellant never acquired title to the glassware, which he says was rejected, for the reason that it never accepted it but returned it because not of the kind and quality purchased.  But we do not so understand the evidence, which as aforesaid is undisputed. Appellant, informing the glass company through its agent of the condition of the ware, requested suggestions as to what it should do in the matter, when the glass company instructed appellant to ship the glass back, promising to ship to appellant glass in exchange. There is no evidence of a rejection of the glass.  It was shipped back on a promise by the glass company to exchange it for other glass.  Failing so to do, the title to the glass which it sought to exchange remained in it, and it had its right of action to recover the property. The rule as to remedies of appellant is thus stated in 17 Cyc 836:  "Where one of the parties to a contract of exchange of property has on his part fully performed the contract by conveying or delivering the thing which he agreed to give in exchange, upon the failure or refusal on the part of the other party to perform the contract he may affirm the contract and maintain an action at law for the value of the thing which he should have received or an action for damages for breach of contract; or he may sue in equity for specific performance. On the other hand he may rescind the contract and sue

at law for the specific property with which he has parted, or the value thereof; or he may sue in equity for the rescission of the contract."

In *Dunn* v. *Oneida Community* (1910), 177 Fed. 540, pursuant to a contemplated contract for electric power, an electric company offered to exchange two forty-cycle motors in question for two sixty-cycle motors defendant then had in operation, which offer was accepted. The forty-cycle motors were sent to defendant's premises, but were not installed, nor were the sixty-cycle motors disconnected or delivered to the electric company, or to its receivers. Defendant wrote to the electric company's receivers that it had decided to keep the sixty-cycle motors and to return those shipped by the electric company to be exchanged, but subsequently refused to do so. It was held that the title to the forty-cycle motors so shipped to the defendant to be exchanged never passed to it, but that defendant elected to rescind the contract, and was therefore bound to return the motors to the electric company or account for their value, the court using the following simple illustration: "I do not understand that A can say to B, 'I will give you my white horse for your bay mare,' and on B's saying, 'I will do it,' and on A bringing his white horse on the premises of B to make the exchange, lose title to both horses, B asserting that as the white horse is delivered he will keep it, and that as the bay mare has not been taken from the stable and delivered he will keep that also. When that becomes the law, grand larceny or horse larceny will have been sanctioned by the court so deciding."

In *Fisher* v. *Tauber* (1912), 174 Ill. App. 436, the court states the rule to be that: "If the contract of exchange was rescinded, the law implied on the part of the defendant that on receipt of the horse he had traded to plaintiff, he would return to plaintiff the horse

and money he had received from him, and if the parties agreed on the value of the horse defendant received from plaintiff and the defendant on demand refused to return the horse to plaintiff, we think plaintiff might also recover the agreed value of such horse."

Other authorities that in different forms and from different angles hold to the principle above set forth, are: *Harrington* v. *Furr* (1916), 172 N. C. 610, 90 S. E. 775; *Crapo* v. *Seybold* (1876), 35 Mich. 169; *French* v. *Seely* (1838), 7 Watts. (Pa.) 231, 32 Am. Dec. 758; *Saul* v. *His Creditors* (1829), 9 Martin (N. S.) (La.) 686. We recognize, of course, the distinction between an exchange of goods and a sale in that an exchange is a transfer of goods for other goods, while a sale is a transfer of goods for value estimated in money, but there can be no distinction as to the principle here involved. It has been many times decided in this state, and elsewhere, that where goods are sold for cash, a delivery in expectation of immediate payment passes no title until such payment is made. 1 Benjamin, Sales §343; *Curme, Dunn & Co.* v. *Rauh* (1885), 100 Ind. 247, 255; *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 41 N. E. 383; *Levi* v. *Kraminer* (1891), 2 Ind. App. 595, 28 N. E. 1028; *Wabash Elevator Co.* v. *First National Bank* (1872), 23 Ohio St. 311; *Dudley* v. *Sawyer* (1860), 41 N. H. 326.

In this case had the glass company carried out its agreement the two cars of glass would have passed each other in transit. Failing so to do the agreed exchange in principle is like that of a cash sale.

The title of appellant's car of glass which was shipped back for exchange did not pass, and in the event that it had been commingled, or had been sold, then appellant should recover its value as a preferred claim. In the absence of evidence to the contrary, such value was, under the circumstances of this case, the

price paid for the glass, which appears by the evidence. Such property or its value certainly did not belong to the general creditors. We are clear that a wrong result was reached, both in law, and as a matter of right.

The judgment is reversed, with instructions to the trial court to grant a new trial.