GRACE HALL STOKES v. M. J. STOKES et al.

(Filed 28 February, 1934.)

1. **Dower C a—Right of dower is superior to creditor's equity of marshaling.**

A widow's right of dower is superior to a junior lienor's equity to force a creditor having a first lien on several parcels of land belonging to the estate to first exhaust the security upon property against which the junior lienor has no claim, the widow's dower having been allotted in the lands having a single encumbrance and she having enjoined the senior lienor from selling the property in which her dower was allotted except as a dernier ressort.

2. **Marshaling A a—**

The doctrine of marshaling rests on equitable principles only, and will not be invoked against a superior equity, or to the injury of the creditor having the double security.

APPEAL by Citizens Bank and Trust Company from *Harris, J.,* at September Term, 1933, of FRANKLIN.

Civil actions (1) for the allotment of dower, (2) to restrain fore-closure and (3) to have securities marshaled, consolidated by consent and heard together as all three of the cases are interrelated.

The facts are these:

1. On 1 January, 1928, C. W. Stokes, a bachelor, executed a deed of trust to the Virginia Trust Company, trustee, on three lots or parcels of land situate in Louisburg, N. C., to secure an indebtedness of $12,000.

(a) The first lot is situate on Main Street, known as the Strother home place, and embraces the Stokes residence, the Albert Wheless residence, the Nobe Medlin residence, and two metal garages.

(b) The second lot is situate on Main Street and known as the Farmers National Bank Building.

(c) The third lot is situate near the railroad track with three houses erected thereon.

2. On 29 May, 1931, C. W. Stokes, while still a bachelor, borrowed $5,000 from the Citizens Bank and Trust Company and secured the same by deed of trust to W. L. Lumpkin, trustee, on a storage warehouse (alone insufficient to secure the debt), and the Farmers National Bank Building, the second lot above mentioned.

3. On 1 November, 1931, the said C. W. Stokes and Miss Grace Hall were married.

4. On 24 December, 1932, C. W. Stokes died intestate and insolvent, owing a balance of approximately $6,485 on the first indebtedness above mentioned, and $4,780 plus accrued interest on the second.

5. There is no personal property of the estate available for payment of these debts. The deceased left other lands in addition to those covered by the above deeds of trust.

6. On 7 July, 1933, the widow was allotted the Strother home place as dower. The Citizens Bank and Trust Company later intervened and filed exceptions.

7. On 17 July, 1933, the Virginia Trust Company, trustee, started foreclosure under the power of sale contained in its deed of trust. The widow secured a restraining order as against the sale of her dower, except as a *dernier ressort*. The Citizens Bank and Trust Company secured a restraining order until its right to have the securities marshaled could be determined.

8. The Farmers National Bank Building is the doubly encumbered property. The junior lienor seeks to compel the senior lienor to exhaust its remaining security in exoneration of this property under the doctrine of marshaling. The widow has been allotted the Strother home place as her dower. She seeks to compel the trustee in the deed of trust to exhaust its remaining security before resorting to a sale of her dower.

From a judgment overruling the Citizens Bank and Trust Company's exceptions to the allotment of the widow's dower in the first case, and holding that the widow's right of dower is superior to the right of marshaling in the second and third cases, the Citizens Bank and Trust Company, appeals, assigning errors.

*Scott B. Berkeley and Wyatt E. Blake for plaintiff, Grace Hall Stokes.*
*W. L. Lumpkin and Perry & Kittrell for Citizens Bank and Trust Company, intervener.*

STACY, C. J., after stating the case: Is the equity of marshaling superior to the right of dower? The answer is, No.

In the first place, it should be observed that the right of a junior creditor to have the common debtor's assets marshaled is not a lien, or a vested interest, but only an equity to be administered as such. It does not fasten itself upon the situation when the successive securities are taken, but is to be determined at the time the marshaling is invoked. *Harrington v. Furr,* 172 N. C., 610, 90 S. E., 775; 18 R. C. L., 456. It is true, equity pursues the right until it meets another of equal or superior rank. 38 C. J., 1367. But, here, the widow's superior right of dower is met at the threshhold of the administration of appellant's claim. *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 469; *Blower Co. v. MacKenzie,* 197 N. C., 152, 147 S. E., 829. "Dower has long been the favorite of the law"—*Varser, J.,* in *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419.

While the doctrine of marshaling is well established, it is not founded on contract, but rests upon equitable principles only, and the benevolence of the court; and it is never extended so as to affect injuriously the creditor who has the double security, or to trench upon the rights of the common debtor or of third persons.

Thus, in *Butler v. Stainback,* 87 N. C., 216, it was held that the debtor's right of homestead was superior to the creditor's right of marshaling, the Court saying: "To apply the principle of marshaling assets in such a case would be an indirect way of subjecting a homestead to the payment of debts, when the very object of the law is to confer a homestead exemption superior to all creditors, and ever consecrated, except so far as it may be impaired by the voluntary act of the claimant himself." And this was quoted with approval in *Harris v. Allen,* 104 N. C., 86, 10 S. E., 127.

Again, in *Watts v. Leggett,* 66 N. C., 197, it was held that the widow's right of dower is paramount to the right of the children to enjoy the homestead during the minority of any one of them. "Dower is paramount to homestead, and the children of a deceased husband must

enjoy their homestead subject to the dower rights of the widow"—
Mordecai's Law Lectures, 2 ed., Vol. I, 380.

*A fortiori,* therefore, if homestead is superior to marshaling, and
dower is paramount to homestead, the right of dower must be higher in
rank than the equity of marshaling.

The remaining exceptions call for no elaboration. The cases were
properly decided in the court below.

Affirmed.