GURNEY P. HOOD, COMMISSIONER OF BANKS, ET AL., v. THE MACCLES-
FIELD COMPANY.

(Filed 22 January, 1936.)

Marshaling A c—Equity will not decree marshaling in favor of second
lienor to the prejudice of third lienor.

Plaintiff owned three judgments against the same party, the judgment debtor having real property in two counties. The first judgment was docketed in both counties, the second judgment in one of the counties, and the third judgment in both counties. Plaintiff sold the first and third judgments for separate, valuable considerations to a purchaser. The lands of the judgment debtor in both counties were sold, and plaintiff sought the equity of marshaling to have the funds from the sale of the property in the county in which the second judgment was not docketed first exhausted in satisfying the first judgment. Marshaling in this manner would result in rendering the third judgment valueless. *Held:* Plaintiff is not entitled to the relief sought, since equity will not aid him in thus rendering valueless the third judgment, which he had assigned for a valuable consideration, and since the equity of marshaling attaches not when the successive securities are taken, but at the time the marshaling is invoked, at which time, in the present case, the lien of the third judgment had attached, rendering marshaling in favor of the owner of the second judgment inequitable to the owner of the third judgment, even if the three judgments had been obtained by three separate judgment creditors, the equity of marshaling in such circumstances entitling the owner of the second judgment only to have the first judgment satisfied out of the two funds *pro rata*.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by claimant, Henry Bridgers, from *Barnhill, J.,* in Chambers, Rocky Mount, 27 July, 1935. From EDGECOMBE.

Civil action for the appointment of a receiver and to marshal the assets of defendant corporation among judgment creditors.

Receivership affirmed on prior appeal, 207 N. C., 857, 176 S. E., 280.

The facts with respect to the equity of marshaling, the only question presently presented, are as follows:

1. On 6 July, 1931, judgment for $14,300, with interest from 5 June, 1931, representing a stock assessment in favor of Gurney P. Hood, Commissioner of Banks, ex rel. Pinetops Banking Company v. The Macclesfield Company, was duly docketed in the Superior Court of Edgecombe County, and transcript thereof docketed in the Superior Court of Pitt County on 23 September, 1931.

2. On 3 July, 1933, judgment for $9,060, with interest from 3 July, 1933, representing a stock assessment in favor of Gurney P. Hood, Commissioner of Banks, ex rel. North Carolina Bank and Trust Company v. The Macclesfield Company, was rendered in Guilford Superior Court, and transcript thereof duly docketed in Edgecombe Superior Court, 29 July, 1933. No transcript of this judgment was docketed in the Superior Court of Pitt County.

3. On 13 November, 1933, judgment for $3,727.45, with interest from 13 November, 1933, being judgment for plaintiff in the case of Gurney P. Hood, Commissioner of Banks, ex rel. Pinetops Banking Company v. The Macclesfield Company, was docketed in Superior Court of Edgecombe County, and transcript of this judgment was duly docketed in Superior Court of Pitt County, 9 December, 1933.

4. On 1 May, 1934, the plaintiff transferred and assigned to Henry Clark Bridgers the two judgments described in paragraphs 1 and 3 above for cash consideration of $16,000 and $3,822.70, respectively.

5. The Macclesfield Company owned lands in Edgecombe and Pitt counties. These have all been sold, preserving to the parties their respective rights and liens.

Upon the foregoing facts it was adjudged in the court below that the plaintiff, as the holder of judgment No. 2, was entitled to require the holder of judgment No. 1, to first exhaust the fund arising from the sale of the Pitt County property before resorting to the funds arising from the sale of the Edgecombe County property. The effect of the marshaling, thus ordered, is to defeat judgment No. 3 from any share in the assets of the defendant company.

From this ruling Henry Clark Bridgers appeals, assigning error.

*Gilliam & Bond for plaintiff.*
*H. H. Philips and Henry C. Bourne for claimant Bridgers.*

STACY, C. J., after stating the case: The judgment of the Superior Court is grounded on the assumption that the equity of marshaling existed between the holders of judgments Nos. 1 and 2 at the time judgment No. 3 was docketed in the Superior Courts of Edgecombe and Pitt

counties, and that the subsequent docketing of judgment No. 3 did not affect this prior subsisting equity. *Butler v. Stainback,* 87 N. C., 216; 38 C. J., 1371; 18 R. C. L., 456.

This conclusion overlooks two considerations: (1) That the equity of marshaling does not fasten itself upon the situation when the successive securities are taken, but is to be determined at the time the marshaling is invoked, and (2) that the holder of judgment No. 3 purchased the same from the plaintiff for a valuable consideration. *Harrington v. Furr,* 172 N. C., 610, 90 S. E., 775.

Having received full value for judgment No. 3, the plaintiff is in no position to ask a court of equity to help him render it valueless in the hands of the transferee. *Stokes v. Stokes,* 206 N. C., 108, 173 S. E., 18. "Hurt nobody" is a cardinal tenet of the equity of marshaling. *Jones v. Zollicoffer,* 9 N. C., 623.

The most the plaintiff would be entitled to under the doctrine of marshaling, had he never owned the third judgment, would be to have the first judgment paid ratably out of the two properties. The English rule more nearly applicable to the facts here presented is stated in 18 English Ruling Cases, page 211, as follows:

"Thus the court will not marshal in favor of a second mortgagee as against a subsequent mortgagee, so that if a first mortgage is made of two estates, then a mortgage of one only of the estates, and lastly a third mortgage of both estates, marshaling will not be enforced in favor of the second mortgagee as against the third mortgagee, but the first mortgage will be ordered to be paid ratably out of the two estates. So that the second mortgagee may apply the estate subject to his mortgage in or towards satisfaction thereof, leaving what remains of both estates to satisfy the third mortgage."

Plaintiff was originally the holder of all three judgments. He transferred two of them to claimant Bridgers for valuable considerations. He now seeks, through the doctrine of marshaling, to have the judgment retained by him paid to the exclusion of the one which he sold to Bridgers for $3,822.70. Equity will not aid him in this undertaking. *Newby v. Norton,* 90 Kan., 317, 133 Pac., 890, 47 L. R. A. (N. S.), 302.

Error.

DEVIN, J., took no part in the consideration or decision of this case.