### In re EAGLE PINE PRODUCTS, INC., Debtor.

### No. 00–06518–8–ATS.

United States Bankruptcy Court,
E.D. North Carolina,
Wilson Division.

May 24, 2001.

Stephen G. Inman, Singleton, Murray, Craven, Inman, Fayetteville, NC, for Debtor.

Shawna Y. Staton, Raleigh, NC, trustee.

### ORDER ALLOWING MOTION FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the motion filed by Shawna Y. Staton, chapter 7 trustee for the estate of Eagle Pine Products, Inc., to sell assets of the debtor free and clear of the liens of Centura Bank and Wachovia Bank. An objection was filed by Centura Bank, and a hearing was held in Raleigh, North Carolina on May 23, 2001. The motion will be allowed.

Eagle Pine Products filed a petition for relief under chapter 11 of the Bankruptcy Code on October 30, 2000, the case was converted to chapter 7 on February 7, 2001, and Ms. Staton was appointed chapter 7 trustee. The trustee seeks to sell the debtor's equipment that the trustee's auctioneer estimates to be worth approximately $150,000. The equipment is subject to a lien in favor of Centura Bank that secures an $850,000 obligation of the debtor's principal, William E. Clark. On September 15,

1999, Mr. Clark executed an $850,000 note in favor of Triangle Bank, and Eagle Pine Products executed a hypothecation agreement in which Eagle Pine Products agreed to hypothecate its "BUSINESS ASSETS LOCATED AT 3802 RAEFORD RD FAYETTEVILLE NC" to secure Mr. Clark's indebtedness to Triangle Bank. Also on September 15, 1999, Eagle Pine Products executed a security agreement encumbering its assets as collateral for Mr. Clark's indebtedness to Triangle Bank, and the security interest was properly perfected. Additionally, Mr. Clark executed a deed of trust encumbering his real property in Fayetteville, North Carolina, to secure his $850,000 obligation to Triangle Bank. The trustee contends that the deed of trust is a first lien on the real property and that the real property has a value in excess of $1,000,000. Centura Bank subsequently acquired Triangle Bank and is now the holder of the $850,000 note and related collateral.

The trustee contends that Centura's lien is in bona fide dispute and that she is authorized to sell the equipment under 11 U.S.C. § 363(f)(4). Specifically, she argues that Centura has not shown that the hypothecation of Eagle Pine Product's assets to secure the obligation of Mr. Clark was properly authorized. Centura's loan documents appear proper on their face and because the sale free of liens is justified on other grounds, the court will not address whether the hypothecation was sufficiently authorized by Eagle Pine Products.

Although the court will assume the validity of Centura's lien, there is still a bona fide dispute as to whether Centura can be required under the doctrine of marshaling to first pursue recovery from its other collateral, Mr. Clark's real property.

■ Marshaling is an equitable doctrine recognized in North Carolina and generally applies for the benefit of a junior lienholder where the junior lienholder is secured by only one property of the debtor and a senior lienholder has a lien on two of the debtor's properties. In a typical marshaling case, equity requires the senior lienholder to enforce its security interest against the property that is not encumbered by the junior lien. *Matter of Mills,* 40 B.R. 72 (Bankr.E.D.N.C.1984).

Centura maintains that marshaling only applies when the property to be marshaled is owned by a common debtor, and that marshaling is not applicable in this case because the equipment is owned by the debtor and the real property is owned by Mr. Clark.

■ Centura is correct that marshaling usually is required only when the properties are owned by a debtor common to both the junior and senior lienholders. However, there may be circumstances, such as are present in this case, where marshaling may be required when two related debtors are the property owners.

■ Both the trustee and Centura have a claim against the equipment, and assuming that Pine Eagle Products properly authorized the hypothecation, Centura's secured claim has priority over the trustee's interest. Centura's second source of repayment, Mr. Clark's real property, is not owned by the debtor, but it is owned by the person whose debt is secured by the debtor's equipment. If marshaling is not required in this case, the property of the bankruptcy estate will be expended to pay Mr. Clark's debt, but the estate would not benefit from Mr. Clark's assets. The debt to Centura is Mr. Clark's debt, and Centura should not be able to ignore Mr. Clark's assets to the detriment of the bankruptcy estate. It is not known whether Mr. Clark's real property will be sufficient to satisfy Centura's claim, and it is that uncertainty that is the

bona fide dispute that permits the trustee to sell the property free of Centura's lien (with Centura's lien attaching to the proceeds) under § 363(f)(4).

Previously, the parties attempted to resolve the trustee's motion by having Centura market the equipment. The trustee indicated that she would be willing to accept a purchase price of approximately $125,000. Centura wants to have the property sold to Mr. Clark for $125,000, but the trustee maintains that Centura should have exposed the equipment to a broader market. The court agrees with the trustee.

Accordingly, (1) the trustee may sell the debtor's equipment by public auction free and clear of the liens of Centura Bank and Wachovia Bank, (2) the liens shall apply to the proceeds of sale and (3) after proper application, the court will approve the reasonable costs and expenses of preserving and selling such property to the extent of any benefit to the lienholders pursuant to 11 U.S.C. § 506(c).

**SO ORDERED.**