NORTH CAROLINA MUTUAL AND PROVIDENT ASSOCIATION
v. EDMUND EDWARDS AND WIFE ET AL.

(Filed 10 March, 1915.)

1. **Judgments—Motions—Excusable Neglect—Fraud—Independent Action.**
   A motion refused and not appealed from, having formerly been made in the original action, to set aside a judgment rendered therein for excusable neglect, the independent action is considered, in this appeal, one to set aside a judgment, taken according to the course and practice of the court, and in all respects regular, upon the ground of fraud.

2. **Judgments—Independent Action—Fraud—Proof—Sufficiency.**
   To set aside, in an independent action, a judgment on the ground of fraud, the fraud alleged as the basis of the present action must be shown in the procuring or rendition of the judgment, and it is insufficient when it affects only the validity of the original demand unless the plaintiff in the judgment, or some one for whose conduct he is legally responsible, has wrongfully prevented the opposing party from setting up the defense, or the judgment has been rendered in a court where such defense was not available to him.

3. **Insurance—Principal and Agent—Fraud—Evidence—Independent Action.**
   Where a judgment has been obtained against an insurance company on one of its policies, allegations and evidence tending to show fraud on the part of the insured in obtaining the policy, or an adjustment between the insured and the company's agent, and the insured had received a part

of the amount agreed upon, are legal defenses' available in the original action and have no bearing upon the question of fraud in the procuring and rendition of the judgment sought to be set aside for fraud in an independent action.

### 4. Same—Collusion.

Where the conduct and misrepresentations of a local agent of the insurer tends only to show that the insurer was thrown off its guard and deprived of its opportunity to make defense in an action upon its policy, in which judgment had been rendered against it, without proof or suggestion of any collusion between the agent and the insurer, the result of the agent's misconduct is not attributable to the insurer, and furnishes no evidence of fraud in the procurement or rendition of the judgment, necessary to set it aside in an independent action.

APPEAL by defendant from *Bond, J.,* at October Term, 1914, of BEAUFORT.

Civil action to set aside judgment against plaintiff in favor of defendants. The judgment, at November Term, 1912, had been entered by default final on a verified complaint, stating a definite amount due on a policy of insurance, and, so far as appears, was in all respects regular.

In the present action to set the same aside there was allegation with evidence on part of plaintiff tending to show that the original policy had been procured by fraudulent representations on the part of the insured, etc. Second, that the demand had been fully adjusted between the company and the claimants under the policy, and it was contended further by plaintiffs that the judgment complained of had been procured by fraud.

On answer, denying generally the averments in the complaint, issues were submitted and responded to by the jury as follows:

1. Was the issuance of policy for $250 mentioned in complaint procured by fraud on the part of Willie Edwards or Edmund Edwards? A. "No."

2. Was any answer or representation made to the agent or examining physician of plaintiff company falsely by Sophia Johnson which was fraudulent or which was material to the risk assumed by the policy? A. "No."

3. Had the $250 policy been settled or compromised before suit on it was brought, or judgment rendered? A. "No."

4. If there was any defense to suit on said $250 policy, did the company know the facts concerning same when suit on said policy was brought? A. "Yes."

5. Was anything done by either defendant, and if so, by which one, to prevent the plaintiff company from making any defense they had, if any, to the suit mentioned, or any agreement to drop said suit? A. "Nothing by any one."

6. Did the plaintiff company pay anything on said policy before judgment rendered, and if so, how much? A. "Nothing."

7. When P. H. Bell brought said suit and prosecuted same as attorney, did he know that said policy had been procured by fraud, or that it had been paid or compromised, if such had been done? A. "No."

There was judgment on the verdict for defendants, and plaintiff excepted and appealed.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Ward & Grimes for defendant.*

HOKE, J., after stating the case: The record shows that at a former term, and apparently as an independent proposition, a motion was made by defendant therein, the present plaintiff, to set the judgment aside on account of excusable neglect, and same was denied. No appeal having been taken from such order, the present plaintiff would seem to be concluded, on that question, and in any event, there being no error shown, the judgment will be upheld. *Smith v. Holmes,* 148 N. C., 210; *Scott v. Life Assn.,* 137 N. C., 516; *Cowles v. Cowles,* 121 N. C., 272; Clark's Code (3 Ed.), pp. 310 and 311, and authorities there cited.

The case presented, then, is an action to set aside a judgment taken according to the course and practice of the court and in all respects regular, on the ground of fraud.

While this is a well recognized ground of relief against a judgment, it is allowable, as a rule, when fraud is shown in the procuring or rendition of the judgment, and not when it affects only the validity of the original demand, unless, in this last case, plaintiff in the judgment, or some one for whose conduct plaintiff is legally responsible, has wrongfully prevented the opposing party from setting it up as a defense or the judgment was rendered in a court where such defense was not available to him. *Mottu v. Davis,* 151 N. C., 237; *Levin v. Gladstein,* 142 N. C., 482; *Owens v. Van Winkle Co.,* 96 Ga., 408, S. E., 31, L. R. A., p. 767, and editorial note; Black on Judgments, secs. 370-378; 23 Cyc., pp. 1010, 1024-1025.

In Black on Judgments, sec. 370, the position suggested is stated as follows: "While it is true that equity will not generally listen to an impeachment of a judgment on the ground of fraud, when the fraud alleged was antecedent to the judgment and was or might have been litigated in the action at law, yet fraud practiced in the very matter of obtaining the judgment is regarded as perpetrated upon the court as well as upon the injured party, and a judgment so procured may be enjoined. The rule has been thus stated: 'The question of fraud which is open to examination in such case is as to something which intervened in the proceedings by which the judgment was obtained, and it must have

occurred in the very concoction or procuring of the judgment, and not have been known to the opposite party at the time, and for not knowing which he is not chargeable with neglect or inattention. The fraud must consist in something of which the complaining party could not have availed himself in the court giving the judgment, or of which he was prevented from availing himself there by fraud.' Or, as otherwise stated, the fraud alleged must be extrinsic or collateral to the matters involved in the issues or the trial at law." And again: "The rule is well settled · and perfectly inflexible, that if the defendant in an action at law had a good defense, purely legal in its nature, of the existence of which he was aware, and which he had an opportunity to set up, but neglected to defend himself, he cannot come into equity seeking relief against the judgment in that action, on the same grounds which constituted that defense, unless his failure to make the defense was due to circumstances of fraud, accident, or surprise, entirely unmixed with negligence or fault on his own part. In other words, 'a court of chancery will not entertain a party seeking relief against a judgment at law in consequence of his default upon grounds which might have been successfully taken in the said (law) court, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown why the defense at law was not made." And in 23 Cyc., p. 1024: "When a defendant, in an action at law, has a good defense, but is prevented from setting it up by the fraud, artifice, direct or misrepresentative, of plaintiff, without negligence or fault on his own part, and a judgment is thereby obtained against him, it is a proper case for equitable relief, *but he must show* that he is free from the *charge* of *negligence* or *lack of due attention* to *his case.*"

In the present case the jury have determined all of the issues in favor of the defendants, who were plaintiffs in the judgment, and we are not required to pass upon the exceptions raised as to most of these issues, being of opinion that there is no testimony worthy of consideration tending to show fraud on the part of the defendants in procuring the judgment and none whatever which shows or tends to show that they or any one for whose conduct they are responsible have said or done anything which prevented the present plaintiff from presenting any defense it may have had to their demand. There is allegation and evidence tending to show fraud and misrepresentation on the part of the insured in obtaining the policy, and there are facts in evidence tending to show that these defendants had entered on an adjustment of their demand with the local agent of the company and had received part of an amount agreed upon between them, but both of these are legal defenses which could have been set up and made available in the action, and, as stated, we find nothing in the record to show that defendants are in any way responsible for

plaintiff's default. On the contrary, the facts in evidence tend to show that the company was thrown off its guard and deprived of its opportunity to make defense against this claim by the conduct and representations to it of its own local agent, and, there being no proof or suggestion of any collusion between such agent and defendants, the results of his misconduct are in no way attributable to them. And this position is also in support of the judge's ruling, who at a former term declined to set aside the judgment for excusable neglect. *Morris v. Ins. Co.,* 131 N. C., 212.

There is no error, and the judgment in defendant's favor is affirmed. No error.