JAMES F. AND W. E. PARROTT v. FANNIE HARDESTY ET AL.

(Filed 20 October, 1915.)

**1. Judicial Sales—Mortgages—Equity of Redemption—Purchaser—Rights to Possession.**

The equity of redemption of a mortgagor of lands is subject to sale under execution under a judgment obtained against him, and the sheriff's deed made in pursuance thereof passes his interest to the purchaser and enables the latter to maintain his action to recover the lands from the mortgagor or his assignee.

**2. Same—Limitation of Actions—Adverse Possession—Evidence.**

Where the purchaser of land sold under execution acquires the sheriff's conveyance of the equity of redemption, and the right to recover possession unless the same is barred by the adverse possession of one holding under a deed from the mortgagor and the note and mortgage assigned to him by the mortgagee, and it appears that the deed was executed within five years from the commencement of the action and that the assignment of the note and mortgage did not purport to operate upon the land, evidence of such adverse possession is held insufficient when the claimant, though testifying that he had lived on the land for about eight years, and farmed it five years before he came into possession of it, does not state the character of the possession he had held, and the time elapsing between the execution of his deed and the time the action commenced, being insufficient.

**3. Appeal and Error — Assignment of Error — Rules of Court — Counsel — Waiver.**

The rule requiring the assignment of errors in the record on appeal is for the benefit of the Court, and counsel cannot waive it.

APPEAL by defendant from *Connor, J.,* at the May Term, 1915, of CRAVEN.

Action to recover land. Prior to 27 August, 1892, B. B. Mallison was the owner of the land in controversy, and on that day he conveyed the same to The Meadows Company by mortgage deed, to secure a debt therein set forth. On 1 January, 1906, the plaintiff and his brother obtained a judgment against said Mallison which was duly docketed in the county where the land is situate. On 10 February, 1908, the said Mallison executed a deed to the defendant Mary F. Hardesty, purporting to convey said land, and on 10 February, 1908, The Meadows Company assigned the debt and mortgage held by it to said Mary F. Hardesty, but this assignment did not profess to act upon the land described in the mortgage. Execution was issued upon the judgment obtained by the plaintiff and his brother, the land was sold thereunder and the plaintiff became the purchaser, and a deed was executed to him in September, 1911.

This action was commenced 15 December, 1913.

The only evidence as to who has been in possession of the land is that of E. H. Meadows, who testified: "My recollection is that the rent came to us through Mallison up to the time this woman bought the mortgage. She may have paid it for Mallison," and the evidence of L. H. Hardesty, who testified: "I know the land described in the complaint; my wife and I live on it; we have been living there about eight years; I farmed it five years before I came into possession of it. We did not pay Mallison anything for the deed made for the land."

There was a verdict and judgment for the plaintiff, and the defendant appealed, presenting only one contention in his brief, and that is that the possession by the defendants bars the plaintiff's right of recovery, and if not, that the defendant as the purchaser of the note and mortgage of Meadows Company is in the rightful possession of the land and cannot be dispossessed by the plaintiff.

*Guion & Guion for plaintiff.*
*W. D. McIver for defendants.*

ALLEN, J. When the plaintiff procured his judgment the defendant therein was the owner of the equity of redemption in the land, and this was the subject of sale under execution. *S. v. Pool,* 27 N. C., 105; *Mayo v. Staton,* 137 N. C., 670. The deed of the sheriff made pursuant to the sale passed this equity of redemption to the plaintiff, and was sufficient

to enable the plaintiff to maintain his action to recover possession of the land against the mortgagor, and the position of the defendant, who is the assignee of the mortgagor, is no better than his.  *Davis v. Evans,* 27 N. C., 532; *Black v. Justice,* 86 N. C., 512.

In the last case, after citing the case of *Davis v. Evans,* the Court says: "*Chief Justice Ruffin,* speaking for the Court in that case, says: 'We consider the equity of redemption when sold under execution, a legal interest to the extent, at least, of enforcing it by the recovery of possession from the mortgagor himself.'"  It follows, therefore, that the plaintiff has shown title to the land in controversy, and was entitled to recover possession unless there is evidence of a possession in the defendants that would bar the plaintiff's right of action, and in our opinion it is insufficient to do so.

The character of the possession of the husband of the *feme* defendant prior to the execution of the deed to her is not shown, and so far as the record discloses he was not holding adversely to any claim, and he may have been in possession by permission or as tenant, and the possession by the defendants since the execution of the deed cannot be more than five years, as the deed was executed in 1908 and the action was commenced in 1913.

Nor can the claim of the defendant that she is rightfully in possession as mortgagee be sustained, because it is expressly stated that the assignment of the note and mortgage to her did not purport to operate upon the land.  *Williams v. Teachey,* 85 N. C., 402; *Dameron v. Eskridge,* 104 N. C., 621; *Morton v. Lumber Co.,* 144 N. C., 31; *Weil v. Davis,* 168 N. C., 302.  This is the only question presented in the brief, and it does not appear that the defendant asserted any claim as assignees of the note and mortgage of Meadows Company, except that it entitled her to retain possession against the plaintiff.

We call attention to the fact that there is no assignment of error in the record, and that the rule requiring assignments to be made is for the benefit of the Court and to enable it to properly examine cases upon appeal, and that counsel cannot waive the requirement of the rule.