C. C. CHEEK v. M. R. WALDEN AND J. J. HARPER.

(Filed 6 June, 1928.)

**Homestead—Property Constituting Homestead—Equity of Redemption—Execution.**

> A mortgagor of lands is entitled to his homestead exemption in his equity of redemption as against the liens of judgment creditors, and an injunction will lie against the sale of the property under execution when his homestead has not been allotted. Const., Art. X, secs. 2, 8; C. S., 728, 729, 730, 731, 745.

APPEAL by plaintiff from *Webb, J.,* at ................ Term, 1928, of RANDOLPH. Reversed.

The court below found the following facts:

"1. That at July Term, 1926, of Randolph County Superior Court, the defendant, M. R. Walden, obtained judgment against the plaintiff, C. C. Cheek, for the sum of $200, as will appear on judgment docket Book 24, page 13, in the office of the clerk of the Superior Court of Randolph County; that said judgment was docketed within ten days of said term of court, and was from that time a lien on the real estate of C. C. Cheek, situated in Randolph County.

"2. That at March Term, 1927, of said Superior Court of Randolph County, the defendant, J. J. Harper, recovered judgment against plaintiff, C. C. Cheek, for the sum of $330, together with costs, which said judgment was duly docketed in the Superior Court of Randolph County, within ten days of the adjournment of said term, in judgment docket Book 24, page 81, and the same was a lien on the land of C. C. Cheek, situated in Randolph.

"3. That thereafter, and while said judgments were a lien on the real estate of C. C. Cheek in Randolph County, the said C. C. Cheek and wife, Annie Cheek, on 2 May, 1927, executed and delivered to the Bank of Ramseur a mortgage deed on the land described in the complaint, which is situated in Randolph County, for the sum of $2,300, and said mortgage deed was recorded on 12 May, 1927, in the office of the register of deeds for Randolph County, in Book 229, pages 143, 144.

"4. That said mortgage deed was executed according to the laws of the State of North Carolina, and the private examination of Annie Cheek, wife of C. C. Cheek, was duly taken.

"5. That on 10 December, 1927, the defendants, W. R. Walden and J. J. Harper, issued executions against the plaintiff on the aforesaid judgments for the amount specified in said judgments, and delivered said executions to the sheriff of Randolph County.

"6. That J. A. Brady, sheriff of Randolph County, levied on the lands of C. C. Cheek, by virtue of said executions, it being the same land that is described and contained in the mortgage deed aforesaid, from C. C. Cheek and wife, Annie Cheek, to the Bank of Ramseur, on 2 May, 1927, hereinbefore referred to, and advertised the same for sale on 6 February, 1928, at the courthouse door in Asheboro, N. C., and is attempting to sell said land without allotting the homestead or personal property exemptions of the said C. C. Cheek; that on 29 December, 1927, the plaintiff brought this action and restrained the defendants from selling said lands without allotting the homestead or personal property exemptions of plaintiff, C. C. Cheek, and demanding that the sheriff of Randolph County be required to allot the homestead and personal property exemption of the plaintiff; that no homestead has heretofore been allotted to C. C. Cheek.

"It is therefore considered, ordered and adjudged that the restraining order heretofore issued against the defendants in this cause be, and the same is hereby dissolved."

*C. N. Cox and Brittain, Brittain & Brittain for plaintiff.*
*Hammer & Wilson, J. A. Spence and H. M. Robbins for defendants.*

CLARKSON, J. The plaintiff, a resident of the State, owns certain real property. Judgments are taken by defendants against him and duly docketed on the judgment docket of the Superior Court of the county in which the land is situate, which became a lien on his real property, under C. S., 614. Thereafter he and his wife, in accordance with law, made a mortgage on the land. No homestead has heretofore been allotted to plaintiff. Can plaintiff claim a homestead in the equity of redemption? We think so.

Const. of N. C., Art. X, sec. 2, is as follows: "Every homestead, and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises."

Article X, sec. 8: "Nothing contained in the foregoing sections of this article shall operate to prevent the owner of a homestead from disposing of the same by deed; but no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of his wife, signified on her private examination according to law."

48—195

The material part of C. S., 728: "The homestead and personal property exemptions as defined and declared by the article of the State Constitution entitled Homesteads and Exemptions are exempt from sale under execution and other final process, as provided in the State Constitution: *Provided,* the allotment of the homestead shall, as to all property therein embraced, suspend the running of the statute of limitations on all judgments against the homesteader during the continuance of the homestead," etc.

C. S., 729: "The allotted homestead is exempt from levy so long as owned and occupied by the homesteader or by any one for him, but when conveyed by him in the mode authorized by the Constitution, Article X, section eight, the exemption ceases as to liens attaching prior to the conveyance. The homesteader who has conveyed his allotted homestead may have another allotted, and as often as is necessary. This section shall not have any retroactive effect."

C. S., 730, in part: "Before levying upon the real estate of any resident of this State who is entitled to a homestead under this article, and the Constitution of this State, the sheriff or other officer charged with the levy shall summon three discreet persons qualified to act as jurors, to whom he shall administer the following oath," etc.

C. S., 731: Duty of appraisers; proceedings on return. C. S., 732: Reallotment for increase of value. C. S., 733: Appeal as to reallotment. C. S., 734: Provides for levy on excess of the homestead. C. S., 735, provides if selection is not made by the owner, or any one acting in his behalf, appraisers shall make selection for him, "including always the dwelling and buildings used therewith."

It is well settled that the homestead may be allotted in *an equity of redemption. Cheatham v. Jones,* 68 N. C., 153; *Gaster v. Hardee,* 75 N. C., 460; *Burton v. Spiers,* 87 N. C., 87; *Hinson v. Adrian,* 92 N. C., 122; *Thurber v. LaRoque,* 105 N. C., 301; *Montague v. Bank,* 118 N. C., 283; *Duplin Co. v. Harrell, ante,* 445.

In *Cheatham v. Jones, supra,* at p. 155, it is said: "A mortgage is a mere incumbrance upon a man's land, given as a security for the debts therein set out; and if he can discharge the incumbrance by the sale of the land outside of his homestead, or in any other way, creditors who are not secured by the mortgage, have no ground upon which to deprive him of the homestead secured by the Constitution. We are of opinion that a debtor is entitled to a homestead in an 'equity of redemption,' subject to the mortgage debts, just as a purchaser in possession is entitled to a homestead, subject to the payment of the purchase money."

In *Stevens v. Turlington,* 186 N. C., at p. 196, "for all other purposes the mortgagor is regarded as the owner of the land." The rights of the mortgagor is thoroughly discussed in the *Stevens case, supra.*

It will be seen by the Constitution and Acts of the General Assembly that every safeguard is given the homesteader, and the courts have carefully protected his rights as guaranteed by the Constitution. The law favors the homestead. Misfortune overtakes the best—sickness, ill health, deflation. Those who framed the Constitution realized this and provided for a homestead exemption. This exemption does not destroy the creditor's debt, but extends the enforcement so that the debtor and his wife and minor children, as provided by the Constitution, shall have an earthly habitation.

J. Howard Payne's "Home, Sweet Home" is a benediction to humanity:

> "'Mid pleasures and palaces though we may roam,
> Be it ever so humble, there's no place like home;
> A charm from the skies seems to hallow us there,
> Which sought through the world is ne'er met with elsewhere.
>
> An exile from home splendour dazzles in vain,
> Oh give me my lowly thatched cottage again;
> The birds singing gayly, that came at my call,
> Give me them, and that peace of mind dearer than all."

Upon conveyance by the homesteader, the exemption ceases. *Chadbourn Sash Door and Blind Co. v. Parker,* 153 N. C., 130; *Watters v. Hedgpeth,* 172 N. C., 310; *Duplin Co. v. Harrell, supra.*

In *Simmons v. McCullin,* 163 N. C., at p. 412, it is said: "It has been held for a long time, and in many cases that the wife's joinder is not required unless there is a judgment docketed and in force, which is a lien upon the land, or unless the homestead has been actually set apart. Const., Art. X, sec. 8; *Mayho v. Cotton,* 69 N. C., 289; *Hughes v. Hodges,* 102 N. C., 249; *Scott v. Lane,* 109 N. C., 155; *Joyner v. Sugg,* 132 N. C., 580; *Rodman v. Robinson,* 134 N. C., 503; *Shackleford v. Morrill,* 142 N. C., 221." *Dalrymple v. Cole,* 170 N. C., 102; *Hall v. Dixon,* 174 N. C., 319.

Under certain circumstances the homesteader is estopped from claiming the homestead exemption. *Caudle v. Morris,* 160 N. C., 168; *Simmons v. McCullin, supra; Duplin County case, supra.*

The defendants had no right to have the sheriff to levy on plaintiff's land—the equity of redemption—and advertise his property under executions to enforce their judgment liens, without first having allotted to plaintiff a homestead in the manner provided by the statute. The homestead can be allotted on petition of the owner. C. S., 745. In fact, C. S., 749, is as follows: "Any officer making a levy, who refuses or neglects to summon and qualify appraisers as heretofore provided, or

fails to make due return of his proceedings, or levies upon the homestead set off by appraisers or assessors except as herein provided, is guilty of a misdemeanor, and he and his sureties are liable to the owner of the homestead for the costs and damages in a civil action." The judgment below is

Reversed.