By consent of the parties, a jury trial was waived and the court below found the facts and rendered judgment:
"1. That on 21 October, 1929, judgment was rendered in the above-entitled cause in favor of the plaintiff and against the defendants in the sum of $500, with interest thereon from said date until paid, at the rate of six per cent per annum; that said judgment is docketed in Judgment Docket No. 33, at page 233, of the office of the clerk of the Superior Court.
2. That at the time of rendition and the docketing of said judgment the defendant, Margaret Stuart, was the owner and was possessed of a life estate in 71.37 acres of land, located and being in Middle Creek Township, Wake County, North Carolina; that the defendant, J.H. Stuart, was the owner and possessed of a life estate in 66.69 acres of land located in said county and state.
3. That on 5 April, 1927, the defendant, Margaret Stuart, joined in a deed of trust along with the remainderman, embracing the said 71.37 acres of land, wherein and whereby the North Carolina Joint Stock Land Bank was beneficiary, securing the said bank for a loan in the sum of $2,000 on the amortization plan, which deed of trust was filed *Page 491 
and duly recorded prior to the time of the rendition and docketing of plaintiff's judgment above set forth.
4. That on 9 April, 1927, the defendant, J.H. Stuart, joined in a deed of trust along with the remainderman, embracing the said 66.69 acres of land, wherein and whereby the North Carolina Joint Stock Land Bank was beneficiary, securing the bank for a loan in the sum of $1,500 on the amortization plan, which deed of trust was filed and duly recorded prior to the time of rendition and docketing of the plaintiff's judgment above set forth.
5. That on 6 November, 1930, at the instance of the plaintiff, the clerk of the Superior Court of Wake County, issued an execution in the above-entitled cause directed to the sheriff of Wake County, North Carolina, and that under and by virtue of the said execution the said sheriff summoned three discreet persons qualified to act as jurors, as appraisers, and after being sworn by him, there being no personal property found belonging to the defendant, Margaret Stuart, proceeded to allot and assign to her a homestead in the said 71.37 acres of land, which homestead included the main dwelling, tobacco pack barn, garage, smoke-house, and cow shed, including four acres of land upon which the same was situate. That the said appraisers did not take into consideration in allotting and assigning to said defendant her homestead the outstanding mortgage mentioned above on said premises, but assessed the value of said buildings and land included therein at the sum of $1,000, burdened with the said mortgage. That it is agreed by plaintiff and defendants that the said homestead allotted and assigned to defendant, Margaret Stuart, affected by and burdened with said mortgage is worth the sum of $1,000. That the said homestead was allotted and assigned, as aforesaid, on 11 November, 1930.
6. That pursuant to said execution and under and by virtue of the authority contained therein, the sheriff of Wake County did on 12 October, 1930, summons three discreet persons qualified to act as jurors, as appraisers, and after being duly sworn by him, proceeded to lay off and assign to the defendant, J.H. Stuart, his personal property exemption, and there being no excess, they allotted and assigned to the said J.H. Stuart a homestead in the 66.69 acres of land mentioned above, which homestead included 6.2 acres of land, embracing his dwelling-house and other outhouses which they valued at $1,000, the same being affected by and burdened with the mortgage mentioned above. That they did not take into consideration the said mortgage debt in the allotment of the said homestead. The court finds that the said homestead as allotted is not worth $1,000, whether affected by or burdened with said mortgage debt.
7. That the commissioners, in making the allotment of the homestead of the defendant, Margaret Stuart, and the defendant, J.H. Stuart, *Page 492 
did not take into consideration the encumbrances on said lands, nor the fact that each of said defendants were life tenants only in arriving at the value of the said two homesteads, but they allotted the said homesteads as though the said lands were unencumbered and said defendants were seized in fee thereof; that each of the defendants in apt time filed exceptions to the returns.
Upon the foregoing findings of facts the court is of the opinion, and so holds as a matter of law:
First. That the homestead of the defendant, Margaret Stuart, should be allotted and assigned to her in said 71.37 acres of land, in which she has a life estate, in the sum of $1,000, over and above the encumbrance, to wit, $2,000, to the North Carolina Joint Stock Land Bank.
Second. That the homestead of the defendant, J.H. Stuart, should be allotted and assigned to him in the 66.69 acres of land, in which he has a life estate in the value of $1,000, over and above the mortgage encumbrance, to wit, $1,500, to the North Carolina Joint Stock Land Bank.
It is thereupon ordered, decreed and adjudged that the returns of the sheriff of Wake County filed in this matter and the appraisers or jurors selected and summoned by him to lay off and assign the homestead of the defendant, Margaret Stuart and J.H. Stuart, be and the same is hereby set aside, and it is further ordered, decreed and adjudged that A.L. Jackson, E.L. Keith and Mayton Smith be, and they are, hereby appointed commissioners, the same being found by the court to be discreet persons qualified to act as jurors, who shall after being duly summoned and sworn by the sheriff of Wake County meet upon the premises of the defendant, Margaret Stuart, and allot and assign to her a homestead in the 71.37 acres of land in which she has a life estate, at the value of $1,000, over and above the $2,000 outstanding mortgage in favor of the North Carolina Joint Stock Land Bank, the homestead to include the dwelling of said defendant. And it is further ordered that the said commissioners will allot and assign to the defendant, J.H. Stuart, a homestead in said 66.69 acres of land in which he has a life estate, at the value of $1,000, over and above the $1,500 outstanding mortgage in favor of the North Carolina Joint Stock Land Bank, the said homestead to include the dwelling of the said defendant, and of their proceedings report to the next term of this court."
The only question involved on this appeal: In enforcing a judgment lien should prior recorded mortgages and other encumbrances be taken into consideration in arriving at the value of a homestead, *Page 493 
or should the homestead be allotted subject to and burdened with prior encumbrances as though they did not exist? We think the homestead should be allotted subject to and burdened with prior encumbrances as though they did not exist. This has been long the practice and procedure in this jurisdiction.
In Cheatham v. Jones, 68 N.C. 153, the headnote is as follows: "A debtor is entitled to a homestead in an equity of redemption, subject to the mortgage debts."
Pearson, C. J., at p. 155, speaking to the subject: "The question presented by the case is this: Has a mortgagor in possession a right to a homestead, as against all other creditors, save the creditors secured by the mortgage? We concur in the opinion of his Honor, that the homestead is exempt from sale under execution, and that the mortgagor, although he holds subject to the mortgage debt, holds his homestead paramount to the other creditors. A mortgage is a mere encumbrance upon a man's land, given as a security for the debts therein set out; and if he can discharge the encumbrance by the sale of the lands outside of his homestead, or in any other way, creditors who are not secured by the mortgage, have no ground upon which to deprive him of the homestead secured by the Constitution. We are of opinion that a debtor is entitled to a homestead in an `equity of redemption,' subject to the mortgage debts, just as a purchaser in possession is entitled to a homestead, subject to the payment of the purchase money." Cheek v. Walden, 195 N.C. 752; Farris v. Hendricks,196 N.C. 439.
In McIntosh N.C. Practice and Procedure, part sec. 764, at p. 885, we find: "The debtor may also have a homestead in an equitable interest in land. When the land is subject to mortgage, the legal title is in the mortgagee, as between him and the mortgagor, but as to others the mortgagor is considered the owner, and he may have a homestead in the equity of redemption. (Citing the Cheatham case, supra). It is taken, however, subject to the mortgage lien, and it is obtained by allotting from all the land a part to the value of $1,000, and requiring the part outside of the homestead to be applied first to the lien before resorting to the homestead, instead of attempting to lay off enough land to make the equity of redemption worth $1,000," citing Burton v. Spiers, 87 N.C. 87.
Under the above authorities we think the judgment of the court below should be
Reversed. *Page 494