CITIZENS BANK OF YANCEY v. JOSEPH ROBINSON AND HIS WIFE, ALICE ROBINSON ET AL.

(Filed 16 December, 1931.)

**Homestead A d—Where debtor designates land to be laid off for homestead he may not thereafter contend that other lands should have been included.**

> Where a judgment debtor is present when his homestead in his lands is laid off to him by the appraisers and designates the land he desires for the purpose, he may not successfully contend thereafter that other lands should have been included, it not being contended that the value of the homestead as allotted was less than one thousand dollars.

APPEAL by defendant, Joseph Robinson, from *Harwood, Special Judge,* at August Term, 1931, of YANCEY. Affirmed.

This action was heard upon exceptions filed by the defendant, Joseph Robinson, a judgment debtor, to the report of the appraisers summoned by the sheriff of Yancey County to lay off and allot to the said defendant his homestead as provided by section 2 of Article X of the Constitution of North Carolina, before the sale under execution by the said sheriff of the lands of said defendant.

From judgment overruling the exceptions and affirming the report of the appraisers, the defendant appealed to the Supreme Court.

*Watson & Fouts for plaintiff.*
*J. Scroup Styles for defendant.*

CONNOR, J. All the evidence at the trial showed that defendant was present when the appraisers laid off and allotted to him his homestead. The defendant selected as his homestead land on which his dwelling-house and the buildings used in connection therewith were located. This land was laid off and allotted to him by the appraisers. After their report was filed, the defendant filed exceptions thereto, contending that land other than that included in the homestead should have been allotted to him. He does not contend that the land allotted to him as his homestead is worth less than $1,000.

The Constitution provides that a judgment debtor shall have the right to select the land to be allotted to him as his homestead. This selection must be made before the allotment is made by the appraisers, and when so selected is conclusive. It is only when the judgment debtor has not selected the land to be allotted to him as his homestead and has had no opportunity to do so, that he can be heard to object to the allotment made by the appraisers, on the ground that other land should have been

included in his homestead. *McKeithen v. Blue,* 142 N. C., 360, 55 S. E., 85; *McGowan v. McGowan,* 122 N. C., 164, 29 S. E., 572. The decision in *Flora v. Robbins,* 93 N. C., 38, is not applicable to the instant case. There is no error in the judgment. It is

Affirmed.