### EARL FERGUSON v. REX SPINNING COMPANY.

(Filed 1 January, 1935.)

**1. Judgments L b—Judgment dismissing action upon plea of estoppel by judgment held without error in this case.**

Where, upon a plea of estoppel by judgment, the trial court finds that the allegations and evidence in the second action instituted by plaintiff after his majority are substantially identical with the allegations and evidence in the former action against the same defendant brought by plaintiff through his next friend during plaintiff's minority, and the findings of the court are supported by the pleadings and evidence in the former trial introduced in evidence in the second trial, judgment dismissing the second action upon the plea of estoppel will be affirmed.

**2. Appeal and Error J g—**

Where it is determined on appeal that defendant's plea of estoppel by judgment was properly allowed, other assignments of error by plaintiff need not be considered.

APPEAL by plaintiff from *Sink, J.,* at July-August Term, 1934, of GASTON. Affirmed.

The plaintiff, by his next friend, instituted an action in the year 1927 against the defendant for personal injuries alleged to have been caused by an overseer in the defendant's mill, where the plaintiff was working as a "doffer boy," negligently placing a hose conducting compressed air against the body of the plaintiff in such a way as to inflate and stretch the intestines of the plaintiff. At a trial of this action in the Superior Court of Gaston County the plaintiff recovered damages of the defend-

ant, and upon an appeal to the Supreme Court the judgment of the lower court was reversed. *Ferguson v. Spinning Co.,* 196 N. C., 614.

After reaching his majority the plaintiff instituted this action for the same injuries, and the defendant denied the allegations of the complaint and pleaded estoppel by judgment, asserting that the judgment in *Ferguson v. Spinning Company, supra,* constituted *res adjudicata.* The judge below found the facts and held that the plaintiff was estopped by the judgment in the former action to maintain this action and granted the defendant's motion for a dismissal. Whereupon the plaintiff appealed, assigning errors.

*J. G. Carpenter and J. L. Hamme for appellants.*
*J. Laurence Jones for appellee.*

SCHENCK, J. The third assignment of error assails the finding of the court that "the cause of action set up in the present action is the same as that set up in the first," and the fifth assignment of error assails the finding "that the testimony as to the cause of action was the same in both" (the former and instant cases).

We think the record in the former action, which was introduced in the trial of the instant case, and the testimony taken in the trials of both cases furnish ample basis for these findings by his Honor, and that such findings support his conclusions of law that the judgment in the former case is an estoppel to the prosecution of the instant case.

In the former case it is alleged:

"11th. That the sole and proximate cause of the injuries and damages to this plaintiff as herein alleged was and is the carelessness and negligence on the part of the defendant in that the defendant failed to furnish this plaintiff a safe place in which to perform the duties of his employment as aforesaid; that it carelessly and negligently furnished an incompetent, careless, and reckless vice-principal with a dangerous instrumentality to use as a plaything; that it carelessly and negligently failed to maintain such supervision and control over said vice-principal as to prevent him from using this dangerous instrumentality to the hurt of his servants as aforesaid; that it carelessly and negligently maintained in its employ as its vice-principal one addicted to such practices, when it had notice of such practices, or would have had notice of same had it maintained the proper and necessary supervision of its plant, as aforesaid."

And in the instant case it is alleged:

"10. That it was the duty of the defendant to provide for the plaintiff Earl Ferguson a safe place in which to work, safe surroundings, a competent and thoughtful overseer, but notwithstanding the said duties owing by the defendant to the plaintiff Earl Ferguson it failed so to do,

and carelessly and negligently surrounded him with such unsafe and dangerous instrumentality and permitted and allowed such unsafe and dangerous instrumentality to be used at and around the place where it required the plaintiff Earl Ferguson to work, and such dangerous instrumentality to be used or picked up by such incompetent, thoughtless overseer and to be used by him in the manner aforesaid, to the great injury and damage of the plaintiff Earl Ferguson.

"12. That the injuries sustained by the plaintiff Earl Ferguson and the damages sustained by him, as herein alleged, were caused solely and proximately by the negligence and carelessness and brutal act of the defendant as herein alleged."

We think that substantially the same issues arise upon the complaints in the respective actions, former and instant, and, since it is well recognized that the test of an estoppel by judgment is the identity of the issues involved in suit, *Gillam v. Edmonson,* 154 N. C., 127, the plaintiff in this action is estopped by the pleadings in the former action wherein judgment adverse to him was rendered.

We have examined the evidence in the former case, and carefully compared it with the evidence in the instant case, and there is substantially no difference between the former and the latter as it relates to the manner and way the plaintiff was injured, and we think that every ground of recovery presented in the latter trial was presented in the former trial, and, therefore, that the fifth assignment of error is untenable.

In *Batson v. Laundry,* 206 N. C., 371, it is said: " '. . . If upon the trial of the new action, upon its merits, . . . it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation.' " And again in *Hardison v. Everett,* 192 N. C., 371, we find the following terse statement: "The underlying reason for recognizing the principle of estoppel is that a person ought not to be vexed twice about the same matter."

The sustaining of the findings by the court that the pleadings and the evidence are substantially the same in the instant case as in the former action renders it unnecessary for us to pass upon the other assignments of error, as these findings alone are sufficient to sustain the judgment of the court.

Affirmed.