### J. J. CROW v. F. M. MORGAN.

(Filed 20 May, 1936.)

**1. Homestead and Personal Property Exemptions A e—**

A debtor may have his homestead exemption allotted in lands owned by him but mortgaged to a third person, but in ascertaining the value thereof the mortgage debt should be disregarded, and the land appraised as though the debtor owned the unencumbered fee. N. C. Constitution, Art. X, sec. 2.

**2. Homestead and Personal Property Exemptions C a—**

The right to the personal property exemption exists by virtue of the Constitution and attaches prior to the allotment or appraisal.

**3. Homestead and Personal Property Exemptions C b—**

In the allotment of the personal property exemption, the creditor as well as the debtor is entitled to have the procedure conform to the constitutional provisions and the statutes enacted pursuant thereto. N. C. Code, 737, 751.

APPEAL by plaintiff from *Phillips, J.,* at February Term, 1936, of UNION. Reversed.

The plaintiff obtained a judgment against the defendant, which was duly docketed in the office of the clerk of the Superior Court for said

county, on 28 August, 1935, for the sum of $145.00, with interest from 1 October, 1933, and costs. This was a lien on defendant's real property. N. C. Code, 1935 (Michie), sec. 614. On 24 September, 1935, the clerk of the Superior Court of Union County duly issued an execution against the defendant, which was placed in the hands of the sheriff of Union County, N. C., and plaintiff paid the fee for laying off the homestead and personal property exemptions of defendant. The record discloses the return of appraisers. The return, in part, is as follows: "We have viewed and appraised the homestead of the said F. M. Morgan and the dwellings and buildings thereon, owned and occupied by said F. M. Morgan as a homestead, and valued the same at less than $1,000; and the tract bounded as follows: Equity in 45-acre tract in Lanes Creek Township, bounded on the north by Gulledge lands, on the east by G. B. Walters, on the south by First Carolinas Joint Stock Land Bank, and on the west by First Carolinas Joint Stock Land Bank— equity in this property of about $200. Two tracts containing 435 acres in Anson County, bounded on the north by E. Collins, on the east by E. Collins, on the south by N. C. Joint Stock Land Bank, and on the west by N. Barbara—equity of about $500.00 is valued at $900.00, and is exempt from sale under execution according to law."

As to the personal property is the following: "We find all of the above property mortgaged beyond any equity the said F. M. Morgan could have in same, which we declare to be a fair valuation, and the said articles are exempt from sale under execution in the said action. . . . There being no excess upon which levy could be made to satisfy this execution, it is returned *nulla bona.* This 5 November, 1935. J. W. Spoon, sheriff of Union County."

The plaintiff, in compliance with the statute, gave notice and excepted to the return. N. C. Code, 1935 (Michie), sec. 740.

In the record is the following: "It was agreed by the parties that no jury was required, and his Honor proceeded to hear and determine the motion upon the papers in the cause, which constitute the case on appeal."

The judgment of the court below is as follows: "This matter coming on to be heard before the undersigned judge, at the term above named, upon exceptions filed to the return and of the appraisers and allotment of homestead and personal property exemption, after full hearing, the court finds as a fact that the plaintiff judgment creditor has not sustained and cannot in any wise sustain any injury for any act or thing done or omitted by the appraisers and/or the sheriff, and: It is considered, ordered, adjudged, and decreed that the exceptions be and the same are hereby overruled, and that the report and allotment of homestead and exemptions is approved. Let the plaintiff and the surety on his

undertaking pay the costs of this proceeding. Done at the term above named. F. Donald Phillips, Judge ·presiding."

Plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*R. B. Redwine for plaintiff.*
*No counsel for defendant.*

CLARKSON, J. (1) We think the homestead exemption was not properly laid off. Constitution of N. C., Art. X, sec. 2, is as follows: "Every homestead, and the dwellings and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises." A mortgagor of lands is entitled to his homestead exemptions as against the lien of a judgment creditor.

In *Chemical Corp. v. Stuart,* 200 N. C., 490 (492-3), is the following: "In enforcing a judgment lien, should prior recorded mortgages and other encumbrances be taken into consideration in arriving at the value of a homestead, or should the homestead be allotted subject to and burdened with prior encumbrances as though they did not exist? We think the homestead should be allotted subject to and burdened with prior encumbrances as though they did not exist. This has been long the practice and procedure in this jurisdiction." The matter is also thoroughly discussed in *Cheek v. Walden,* 195 N. C., 752. *Farris v. Hendricks,* 196 N. C., 439.

The homestead exemption was not laid off in accordance with the Constitution and statutes on the subject. See *Cheek v. Walden, supra; Duplin County v. Harrell,* 195 N. C., 445; *Bank v. Robinson,* 201 N. C., 796.

(2) We think the ·personal property was not properly levied on. Article X, section 1, of the Const. of N. C. is as follows: "The personal property of any resident of this State, to the value of five hundred dollars, to be selected by such resident, shall be and is hereby exempted from sale under execution or other final process of any court, issued for the collection of any debt."

The right to the personal property exemption exists not by virtue of the allotment, but by virtue of the Constitution, which confers it and

attaches the protection to the debtor, before the allotment or appraisal. *Lockhart v. Bear,* 117 N. C., 298. .

In laying off the personal property exemption of a debtor, the property upon which there is no mortgage lien must be first exempted. *Cowan v. Phillips,* 122 N. C., 72. N. C. Code, 1935 (Michie), sec. 737, "Personal property appraised on demand."

A debtor may legally demand his personal property exemption at any time and to the last moment before the appropriation thereof by the court, and the order of court directing a payment of the money derived from the sale of such property is final process within the meaning of the Constitution giving the creditor such right until execution or other final process. *Befarrah v. Spell,* 178 N. C., 231.

The creditor, as well as the debtor, has the right to have the constitutional provisions before mentioned carried out, as written, and in compliance with the statutes on the subject. This was not done in the present case. The procedure is set forth under "Homestead and Exemptions," N. C. Code, 1935 (Michie), subch. 11. See the forms of "Appraisers' Return," sec. 751.

For the reasons given, the judgment of the court below is
Reversed.