### MILDRED E. MILLER v. J. THOMAS LITTLE.

(Filed 15 December, 1937.)

**1. Homestead § 5—**

A judgment debtor is entitled to have his homestead allotted in an equity of redemption, but the homestead should be allotted therein without regard to the mortgage encumbrance and as if it did not exist.

**2. Same—**

A judgment debtor, upon foreclosure of a mortgage or deed of trust on his lands, resulting in a surplus over the mortgage debt, is entitled to have his homestead allotted in such surplus.

**3. Execution § 20—Where homestead is allotted in encumbered lands, purchaser at execution sale of balance of lands takes same subject to mortgage.**

Where the judgment debtor has his homestead allotted in lands owned by him subject to a mortgage or deed of trust, and the balance of the land, after allotment of the homestead, is sold under valid execution, the purchaser at the execution sale takes title to that portion sold subject to the lien of the mortgage or deed of trust, and in effect becomes a comortgagor with the judgment debtor.

**4. Homestead § 5—Where homestead is allotted in encumbered lands and rest of land sold under execution, upon later foreclosure of entire tract, judgment debtor is not entitled to homestead in entire surplus.**

The judgment debtor had his homestead allotted in encumbered lands, and the balance of the lands after allotment of homestead were sold under valid execution and bought in by the judgment creditor. Thereafter, the entire tract was sold under foreclosure of the deed of trust, resulting in a surplus after payment of the mortgage debt. *Held:* The judgment debtor is not entitled to claim his homestead in the entire surplus, since the purchaser at the execution sale took title to the portion sold under execution subject only to the encumbrance, and being in effect a comortgagor in the property with the judgment debtor, and is therefore entitled to have the surplus after foreclosure divided between him and the judgment debtor in proportion to their respective interests in the land. Constitution of North Carolina, Art. X. The judgment debtor did not request that the lands outside his allotted homestead be first sold to satisfy the mortgage debt and thereby waived his right to exoneration and cannot assert such right after foreclosure at the expense of the purchaser at the execution sale.

APPEAL by plaintiff from *Warlick, J.,* at May Civil Term of UNION. Error and remanded.

The uncontroverted facts may be concisely stated as follows:

J. Thomas Little, the defendant, in 1923 executed a deed of trust on 154 acres of land, then owned by him, for the purpose of securing a debt due by him.

In 1936 Mildred E. Miller, the plaintiff, obtained and docketed a judgment against the defendant Little in the sum of $650.00, plus interest and costs. Under this judgment the homestead of defendant Little was laid off and there was allotted to him as his homestead twenty-five acres of land out of the 154-acre tract. The remainder of the tract in excess of the homestead, consisting of 129 acres, was sold under execution by the sheriff and bought by plaintiff at the sale for $350.00, and deed therefor was executed to her by the sheriff, 30 November, 1936. Plaintiff credited the purchase price, less costs, on her judgment, leaving balance due on her judgment $358.00.

On 3 March, 1937, the original deed of trust on the entire tract of 154 acres was foreclosed and the land sold and purchased at the sale by one Warren Collins at the price of $3,550. After paying the debt secured by the deed of trust and costs of sale there was a surplus of $812.27 which was paid by the trustee into the hands of the clerk. Thereupon the defendant J. Thomas Little claimed homestead in the entire surplus. The plaintiff, admitting the defendant was entitled to homestead in a portion of the fund, contended she was entitled to a part thereof, proportionate to the relative value of her 129 acres of the land at the time of the sale.

The judge of the Superior Court adjudged that defendant was entitled to homestead in the entire surplus, and that upon the falling in of homestead, plaintiff, as judgment creditor, would be entitled to the balance of her judgment, the remainder, if any, to go to the representatives of the defendant.

Plaintiff appealed.

*A. M. Stack (by brief) and O. R. Richardson for plaintiff.*
*Vann & Milliken for defendant.*

DEVIN, J. The appeal from the judgment below presents this question:

Where the homestead is allotted in a portion of a tract of land, the whole of which is subject to a prior outstanding deed of trust, and the remainder of the land in excess of the homestead is sold under execution and title conveyed to another, and thereafter the deed of trust is foreclosed and the entire tract of land sold, resulting in a surplus over the mortgage debt, is the debtor entitled to homestead in the entire surplus or only in his proportionate part thereof?

The decisions of this Court upon the various situations arising under the Homestead Law of North Carolina (Art. X, Const. of N. C.), which are pertinent to the case at bar, seem to settle these principles of law:

1. A judgment debtor is entitled to have his homestead allotted in an equity of redemption, that is, in land subject to a deed of trust or mortgage. *Cheatham v. Jones,* 68 N. C., 153; *Cheek v. Walden,* 195 N. C., 752, 143 S. E., 465; *Farris v. Hendricks,* 196 N. C., 439, 146 S. E., 77.

2. The homestead is allotted therein without regard to the mortgage encumbrance and as if it did not exist. *Crow v. Morgan,* 210 N. C., 153, 185 S. E., 668; *Chemical Corp. v. Stuart,* 200 N. C., 490, 157 S. E., 608.

3. Upon foreclosure of the mortgage or deed of trust and sale of his land, resulting in a surplus over the mortgage debt, the judgment debtor may assert his homestead right in such surplus. *Farris v. Hendricks, supra; Cheek v. Walden, supra; Montague v. Bank,* 118 N. C., 283, 24 S. E., 6; *Hinson v. Adrian,* 92 N. C., 121.

4. Where the homestead, subject to the prior lien of a mortgage or deed of trust, is laid off, and the excess over the homestead sold under valid execution by the sheriff, the purchaser steps into the shoes of the debtor and mortgagor as to such excess; that is, he becomes the owner of the land, subject to the mortgage or deed of trust. *Parrott v. Hardesty,* 169 N. C., 667, 86 S. E., 582; *Hemphill v. Ross,* 66 N. C., 477; *Jordan v. Pool,* 27 N. C., 105; 23 C. J., 746.

In *Hemphill v. Ross, supra,* it was said by this Court: "Charles F. McKesson purchased the legal right of redemption belonging to the mortgagor ·at the execution sale, and the sheriff's deed conveyed such estate to the purchaser and substituted him to the right of the mortgagor."

Applying these principles of law, it appears that when plaintiff obtained her judgment and defendant's homestead was laid off the homestead was allotted to the defendant in 25 acres of the land, valued without regard to the outstanding lien of the deed of trust, and that the excess over the homestead, 129 acres, also subject to the outstanding deed of trust, was sold for $350.00 (presumably bringing only the estimated value over the encumbrance) and purchased by the plaintiff. This had the effect of divesting the defendant of title to the 129 acres, and of constituting the plaintiff the owner of the 129 acres subject to the deed of trust; that is, substituting her to all the rights and burdens of the trustor or mortgagor as to that portion of the land, and putting her in a position similar to that of a joint mortgagor with the defendant Little as to the entire tract of land. Hence it follows that when the entire tract was sold under the prior lien of the outstanding deed of trust resulting in a surplus, that surplus, nothing else appearing, belonged to the mortgagors, the plaintiff and the defendant as their respective interests might be determined. The surplus did not belong entirely to defendant Little, but only that proportionate part of it which the value of his remaining land bore to the value of the whole.

For illustration, if the trustee had sold only the 129 acres, and that had satisfied the mortgage debt, defendant's homestead would have been undisturbed, subject only to the lien of plaintiff's judgment. If the trustee had sold only the 25 acres, and that had paid the debt, defendant could not have claimed a homestead in the 129 acres because that belonged to another, the plaintiff (*Sash Co. v. Parker,* 153 N. C., 130, 69 S. E., 1). If the 25 acres had brought a surplus over the mortgage debt, defendant would have been entitled to homestead in such surplus. If the 129 acres alone had been sold and brought a surplus, this surplus would have belonged to the plaintiff.

It was well said in *Hinson v. Adrian,* 92 N. C., 121, that "the policy of the law is to help the party entitled to homestead, as far as may be, without undue prejudice to the creditor entitled to have his debt paid in any case."

There is authority for the position that where lands are subject to a prior mortgage and subsequently docketed judgments, and the homestead is laid off and the excess over the homestead sold and purchased by another, the homesteader might require that the lands outside the bounds of the exemption be sold first, and that the homestead be not sold when it appears that the proceeds of the sale of the other lands will be sufficient to pay the debt. *Cheatham v. Jones,* 68 N. C., 153; *Burton v. Spiers,* 87 N. C., 87; *Butler v. Stainback,* 87 N. C., 216; *Hinson v. Adrian, supra.* The force of these authorities, however, may not be held to support defendant's contention that he is entitled to homestead in the entire surplus. Here the defendant made no effort to avail himself of this right, if such he had, before the sale, nor does it appear that the sale of a portion of the land would have been sufficient to satisfy the mortgage. Having offered no objection to the sale of the entire tract, his own portion as well as that of the plaintiff, he would be deemed to have waived his right to do so and would have no right superior to that of the plaintiff, now, with respect to the proceeds. In *Leak v. Gay,* 107 N. C., 468, 12 S. E., 261 (later overruled on another point), it was held that the homesteader could require the application of the surplus from the sale of land in excess of the homestead in exoneration of the homestead from a junior mortgage, but that surplus was derived from the sale of his own land and not another's.

None of the cases cited constitute authority for the denial of the ordinary rights of the purchaser and owner of land, outside of the bounds of the exemption, which has been sold and conveyed to him by the sheriff under execution against the debtor. The sale of all the land having been consummated and a surplus obtained arising from both tracts, it is not perceived how the defendant can now properly claim the right of homestead in the entire surplus, or invoke the application

of the equitable principle of exoneration. Equity would not permit the defendant to have the fund obtained from the sale of plaintiff's 129 acres of land applied first to the payment of his own debt in exoneration of his homestead right, at the expense of plaintiff's right to that portion of the surplus which was derived from sale of her land.

So, upon reason and authority, we conclude that there was error in the judgment as rendered, and that defendant was entitled to homestead only in that portion of the surplus fund in excess of the mortgage debt which was derived from the sale of his own portion of the land. As this essential fact has not yet been judicially determined, the cause is remanded for proper finding as to the respective values of the two portions of the land owned by plaintiff and defendant at the time of the sale, and for judgment in accordance with this opinion.

Error and remanded.