D. W. CLEVE AND WIFE, CLYDE CLEVE; W. A. CLEVE AND WIFE, LUCRE-
TIA CLEVE; A. J. WALL AND WIFE, SOPHRONIA WALL; AND H. C.
SMITH v. J. Q. ADAMS AND WIFE, ZEBBIE ADAMS.

(Filed 4 November, 1942.)

**1. Judgments §§ 22b, 23, 32—**

A motion in the cause, to vacate or set aside a judgment, presents ques-
tions of fact and not issues of fact, and it is for the court to hear the
evidence, find the facts and render judgment; and an adverse ruling is
*res judicata*, in a subsequent suit between the same parties, attacking the
judgment on the same grounds.

**2. Judgments §§ 29, 30—**

Under our system of pleading and practice, a party is conclusively pre-
sumed, when sued in a second action on matters before litigated, to have
set up in the former action all defenses available to him.

**3. Limitation of Actions § 3a: Homestead and Personal Property Exemp-
tions § 4—**

The allotment of homestead suspends the running of the statute of
limitations, C. S., 667, C. S., 728; N. C. Constitution, Art. X, sec. 2.

**4. Homestead and Personal Property Exemptions §§ 5, 7, 8: Mortgages
§§ 16, 17—**

The conveyance of an allotted homestead by mortgage does not destroy
the exemption or revive the right to issue execution on an outstanding
and unsatisfied judgment; and a homestead may be allotted in mortgaged
land. C. S., 729; N. C. Constitution, Art. X, sec. 8. Some of the law of
North Carolina on title and rights of mortgagors and mortgagees dis-
cussed.

APPEAL by plaintiffs from *Burney, J.,* at March Term, 1942, of PITT.
Affirmed.

Civil action under C. S., 1743, to quiet title to real property.

At the September Term, 1926, Pitt Superior Court, in an action
entitled "J. Q. Adams *et al. v.* Sophronia Wall *et al.,*" judgment was
entered for plaintiff in the sum of $875.00 and costs.

On 31 August, 1927, execution issued on said judgment and home-
stead in the *locus in quo* was allotted to plaintiff Sophronia Wall.

On 13 December, 1938, Sophronia Wall and husband conveyed said
land, by warranty deed, to D. W. and W. A. Cleve.

On 15 December, 1938, D. W. and W. A. Cleve conveyed same by
warranty deed to plaintiff H. C. Smith.

On 29 November, 1939, Adams and wife instituted a civil action
against the present plaintiffs in which they sought to have said judgment
declared a subsisting and specific lien on the land in controversy and

for an order of foreclosure. The defendants therein—plaintiffs herein—answered, alleging that said judgment was void as to Sophronia Wall for that no summons, execution or other notice was ever legally served upon her in the original action; that she was, at the time, under 21 years of age and that she then, in fact, had no general guardian authorized to appear in said suit and answer in her behalf.

When the cause came on to be heard in the Superior Court the judge, on motion of the then defendants contained in their answer and renewed at the hearing, treated the answer as a motion in the original cause to set aside and vacate the judgment. After hearing the evidence on the motion the court concluded that defendants had not offered sufficient evidence to warrant a disturbance of said judgment, dismissed the motion "as of nonsuit," and adjudged the judgment a valid and subsisting lien. Defendants gave notice of appeal but failed to prosecute same.

On 30 January, 1928, Sophronia Wall and husband executed and delivered to D. W. and W. A. Cleve a mortgage on said premises to secure an indebtedness, evidenced by note, due by her to them. This mortgage was marked "paid and sudfied," 15 December, 1938.

On 17 November, 1941, plaintiffs herein—movants on the former hearing—instituted this action to remove cloud from their title cast by said judgment of record. They assigned the same grounds of attack as set forth in the motion. In addition, they alleged that defendants have been guilty of such laches in prosecuting their right under the judgment as to bar any further action by them.

On the trial below plaintiffs offered, for attack, the judgment rolls in *Adams v. Wall et al.,* and *Adams v. Cleve et al.* They also offered substantially the same evidence on the issue of the invalidity of the judgment as was offered on the hearing of the motion. They likewise offered the note and mortgage from Wall to Cleve.

The court, being of the opinion that the judgment entered on the motion to vacate the original judgment was *res judicata,* and that the execution of the note and mortgage to the Cleves was not material, entered judgment dismissing the action. Plaintiffs excepted and appealed.

*Dink James for plaintiffs, appellants.*
*J. B. James and Julius Brown for defendants, appellees.*

BARNHILL, J. The motion made in the original action to set aside the judgment against Sophronia Wall presented questions of fact and not issues of fact. It was for the judge to hear the evidence, find the facts and render judgment thereon. *Monroe v. Niven,* 221 N. C., 362, and cases cited. The judgment entered, though so labeled, was not a judg-

ment of nonsuit. It was a judgment fixing and adjudicating the rights of the parties.

The parties to the motion to set aside the Wall judgment are the parties to this action. Plaintiffs herein, in making the motion in the cause and in instituting this action, had the same object in view—the invalidation of the Wall judgment. Although the form of the proceedings is not the same, the allegations made and the relief sought are identical. The validity of the judgment was adjudicated at the hearing on the motion. It cannot again be litigated in this action. *Dillingham v. Gardner, ante,* 79; *Barcliff v. R. R.,* 176 N. C., 39, 96 S. E., 644; *Mutual Association v. Edwards,* 168 N. C., 378, 84 S. E., 359; *Ludwick v. Penny,* 158 N. C., 104, 73 S. E., 228; *Ingle v. Cassady,* 211 N. C., 287, 189 S. E., 776; *Ferguson v. Spinning Co.,* 207 N. C., 496, 177 S. E., 640; *Hampton v. Spinning Co.,* 198 N. C., 235, 151 S. E., 266; *Collrane v. Laughlin,* 157 N. C., 282, 72 S. E., 1042; *Batson v. Laundry Co.,* 209 N. C., 223, 183 S. E., 413.

The additional documentary evidence—the note and mortgage—offered in the court below cannot affect this conclusion. Under our present system of pleading and practice a party is conclusively presumed, when sued in a second action on matters before litigated, to have set up in the former action all the defenses available to him. *Ludwick v. Penny, supra,* and cases cited. In any event, it has no bearing upon the regularity of the action in which the original judgment was rendered.

But the plaintiffs assert further that the mortgage conveyed the homestead and subjected the land to sale under execution on the judgment. Hence, they say, the judgment is barred by the 10 year statute of limitations, C. S., 667, and that it should be so adjudged.

The allotment of homestead suspended the running of the statute of limitations against the judgment. C. S., 667, C. S., 728; N. C. Const., Art. X, sec. 2; *Barnes v. Cherry,* 190 N. C., 772, 130 S. E., 611; *Formeyduval v. Rockwell,* 117 N. C., 320. This included the period from 31 August, 1927, to 13 December, 1938. It follows that the judgment is not barred unless the mortgage executed by Sophronia Wall 30 January, 1928, was a conveyance of the homestead within the meaning of C. S., 729; N. C. Const., Art. X, sec. 8.

In this State mortgages are practically the same as at common law, with the exception of the mortgagor's equity of redemption and its incidents. The legal title passes to the mortgagee, subject to the equitable principle that the passage of the legal title is primarily by way of security for the debt. For all other purposes, and as against all persons other than the mortgagee, the mortgagor is regarded as the owner of the land. *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210; *Gorrell v. Alspaugh,* 120 N. C., 362; *Weil v. Davis,* 168 N. C., 298, 84 S. E.,

395; *Bank v. Jones,* 211 N. C., 317, 190 S. E., 479; *Duplin County v. Harrell,* 195 N. C., 445, 142 S. E., 481; *Mitchell v. Shuford,* 200 N. C., 321, 156 S. E., 513; *Riddick v. Davis,* 220 N. C., 120, 16 S. E. (2d), 662. Except as against the mortgagee, he retains all the incidents of ownership. His estate therein may be devised or conveyed and it is subject to dower and to sale under execution. *Stevens v. Turlington, supra; Weathersbee v. Goodwin,* 175 N. C., 234, 95 S. E., 491; *Willington v. Gale,* 7 Mass., 138; Bispham's Equity, sec. 151; 27 Cyc., 1234. He may maintain an action for trespass even after default. *Bank v. Jones, supra.*

On the contrary, until foreclosure, or at least until possession is taken, the mortgage, as a general rule, is regarded and dealt with as a chose in action. A transfer of the debt transfers the mortgage security and a conveyance by the mortgagee—except under foreclosure—merely operates as an assignment of the mortgage. And if the mortgagee dies his interest in the mortgaged premises goes, not to the heirs, but to the personal representative. *Stevens v. Turlington, supra.*

Furthermore, that a homestead may be allotted in mortgaged land is well settled in this and other jurisdictions. *Cheek v. Walden,* 195 N. C., 752, 143 S. E., 465, and cases cited; *Crow v. Morgan,* 210 N. C., 153, 185 S. E., 668; *Chemical Corp. v. Stuart,* 200 N. C., 490, 157 S. E., 608; *Miller v. Little,* 212 N. C., 612, 194 S. E., 92. See also Anno. 89 A. L. R., 511, particularly at pp. 526 and 530.

It would seem to follow, of necessity, that a conveyance of the land embraced in a homestead by mortgage after the homestead is allotted does not serve to destroy the exemption or to revive the right to issue execution on an outstanding and unsatisfied judgment. We so conclude.

In so holding we are not inadvertent to *Dalrymple v. Cole,* 170 N. C., 102, 86 S. E., 988. It is there stated "the defendant and wife, by executing the mortgage deeds referred to, had already conveyed their homestead in the land in question within the meaning of section 686 of the Revisal, and the defendant cannot now be heard to claim a homestead therein." Apparently this question was not raised and the statement is nothing more than *dictum.* In any event, it is not in accord with the authorities in this and other jurisdictions.

Whether plaintiffs are guilty of laches in waiting 13 years to attack the judgment they seek to annul, as found by the court below, we need not now decide. See *Monroe v. Niven, supra.*

The judgment below is

Affirmed.